[Criminal No. 84.  Filed January 17, 1894.]

[36 Pac. 35.]

## TERRITORY OF ARIZONA, Plaintiff and Respondent, v. ELIGIO MIRAMONTEZ, Defendant and Appellant.

1. CRIMINAL LAW—APPEAL AND ERROR—NEW TRIAL—CONFLICT IN EVI-
DENCE.—Where the evidence is ample to sustain the verdict, though
conflicting, a new trial will not be granted.

2. SAME—SAME—RECORD—BILL OF EXCEPTIONS—ADMISSION AND REJEC-
TION OF EVIDENCE.—Errors in the admission or rejection of evidence
should be embodied in a bill of exceptions.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
Henry C. Gooding, Judge.  Affirmed.

The facts are stated in the opinion.

H. N. Alexander, for Appellant.

Francis J. Heney, Attorney-General, and M. H. Williams,
District Attorney, for Respondent.

HAWKINS, J.—This is a case wherein no briefs were filed
by either party, and the cause is submitted to us on the record.
We are, under paragraph 1904 of the Penal Code, called upon
to review all decisions, opinions, orders, charges, rulings, ac-
tions, and proceedings made or had in the cause in the court
below.  It would be much more satisfactory if counsel had
called our attention to the errors upon which he relies, and
would materially aid us in arriving at a solution of the cause
on appeal.  The appellant was indicted and convicted of the
crime of an assault with intent to commit murder.  Appel-
lant moved to set aside the verdict of the jury, and grant a
new trial, on the ground that the verdict was not justified by
the law or the evidence, and for errors of law committed at
the trial.  This motion seems to have been oral, and entered
upon the minutes of the court.  This is authorized under para-
graph 1760 of the Penal Code.

It will be seen that the only errors complained of are:—

1. The verdict is contrary to law or evidence.  We have

examined the instructions and charge of the court, and find that they fully cover the law in relation to the crime charged, and have read the evidence, which was ample to support the verdict. The evidence is conflicting, it is true, but the appellate court will not grant a new trial on the ground that the verdict is contrary to the evidence, if the testimony is conflicting, and there is any evidence to support the verdict. *People* v. *Brown*, 27 Cal. 500. In *People* v. *Ah Loy*, 10 Cal. 301, the court said: "It requires a clear case—one in which there is an absence of evidence against the prisoner, or a decided preponderance of evidence in his favor—to justify an interference with the verdict of the jury."

2. For errors of law committed at the trial. The record discloses the fact that no bill of exceptions was made; and if by this alleged error it is intended to save the point that the court has erred in the decision of any question of law arising during the course of the trial, such as on the admission of the evidence or rejecting proper testimony offered, it should be embodied in a bill of exceptions, or our attention directly called to the same. We have examined the statement of facts, and from the evidence therein find no such errors, and are of the opinion that justice has been done. Judgment affirmed.

Baker, C. J., Rouse, J., and Sloan, J., concur.