#### OF THE

## TERRITORY OF ARIZONA

#### DURING THE YEAR 1899.

[Criminal No. 133. Filed March 15, 1899.]

[56 Pac. 717.]

JOSIAH ANDERSON, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—APPEAL AND ERROR—CONFLICTING EVIDENCE—SCOPE OF REVIEW—TERRITORY v. MIRAMONTEZ, 4 ARIZ. 179, FOLLOWED.— Where the evidence upon which the verdict of a jury is based is conflicting, this court cannot review its weight. It can look into it only to determine whether the court erred in not directing a verdict for the appellant, or in refusing to grant a new trial when there was no evidence to sustain the verdict. *Territory* v. *Miramontez, supra,* followed.

2. SAME—SAME—VERDICT OF JURY—WEIGHT OF EVIDENCE—GROUND FOR NEW TRIAL — RULING DISCRETIONARY — WILL NOT BE REVIEWED WHERE THERE IS ANY EVIDENCE TO SUPPORT VERDICT.—Where the verdict is manifestly against the weight of the evidence, it is a proper ground for a new trial, but the granting or refusing of such motion by the trial court is a matter of discretion that will not be disturbed by this court where any evidence to support the verdict was properly given to the jury.

3. SAME—ASSAULT WITH INTENT TO COMMIT MURDER—EVIDENCE—SUFFICIENCY—JURY—PROVINCE OF.—In a prosecution for assault with intent to commit murder, the testimony of the prosecuting witness was that the defendant, without provocation or excuse, fired at him with a six-shooter at a distance of forty-five steps, and other witnesses testified that defendant had said he would shoot the prosecuting witness if he saw him. The defendant testified that he shot at the prosecuting witness with a revolver, but stated that it was after witness fired at him with a shot-gun. A witness, who heard the firing, testified that the first report was a pistol-shot, and the later ones gun-shots. The testimony was certainly sufficient to go to the jury, and, if believed, to support the verdict. The weight of this evidence, and the extent to which it was con-

(185)

tradicted or explained away, were questions exclusively for the jury, and will not be reviewed on appeal.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

Baker & Bennett, for Appellant.

C. F. Ainsworth, Attorney-General, and Joseph Campbell, for Respondent.

There being sufficient evidence in the record to be submitted to a jury, the rule is, that in order to set aside the verdict for the reason that the testimony does not sustain the verdict, it must be a clear case, one in which there is an absence of evidence against the prisoner or a decided preponderance of evidence in his favor. *People* v. *Ahloy,* 10 Cal. 301; *People* v. *Brown,* 29 Cal. 500; *Territory* v. *Booth,* 4 Ariz. 148, 36 Pac. 38..

A new trial will not be granted in criminal cases where the testimony is conflicting. *Territory* v. *Miramontez,* 4 Ariz. 179, 36 Pac. 35.

DOAN, J.—In this case the appellant was convicted of an assault with intent to commit murder. A motion for a new trial was made upon the ground that the verdict was contrary to the evidence, which motion was overruled and excepted to. This action of the court is assigned as error, and upon this error the appellant relies. The prosecuting witness testified: That he went to the place of the appellant in search of lost cattle; that he was armed with a Winchester shot-gun and a pistol; that he dismounted, in order to see the brand upon some cattle that were approaching; that "then Josiah Anderson came out ahead of the cattle, until he got opposite me, and when he saw me whirled his horse around, and he jerked out his pistol, and shot at me. At that his horse wheeled around, and he reined him up, and squared himself, and then I jumped, and got my gun and shot, just as he was going to fire the second time"; that the parties were about forty-five steps apart; that the witness Mullen then ran to his horse, and was about to mount the same, when the appellant again fired at him; that the witness Mullen returned the fire with

his pistol, and immediately mounted his horse and rode away; that the appellant was wounded in the right hand, and that the witness Mullen was not struck by either shot. Elmer Clanton, a witness who heard the shots fired, testified that the sound of the shots indicated different weapons; the first shot being that of a pistol, and the next succeeding two shots being those of a shot-gun. Three witnesses, Clanton, Evans, and Roberts, testified that upon one occasion, about one year prior to the shooting, the appellant made threats to shoot the witness Mullen if he should meet him. Another witness, Carruthers, testified that about eight months prior to the shooting appellant desired witness "to purchase a gun for him, and said that he was going to kill Mullen if he ever caught him on the range down there." The appellant, Josiah Anderson, James Kerrick, John Anderson, and Whitney testified for the defense. The appellant testified that he was engaged at his own place, with Kerrick and John Anderson, in branding cattle; that the cattle were turned out of a corral, going in one direction, and that he and James Kerrick and John Anderson went along the road in another direction; that none of them were armed, except appellant, who had a pistol (a 44 Colt's revolver); that in passing an opening in the brush he (appellant) was shot in the right hand by some person from the brush; that the effect of the shot was to disable his right hand; that the appellant did not fire at the witness Mullen until after Mullen had fired twice at him; that he then fired with his revolver once at Mullen, and afterwards once at the horse. The three other witnesses for the defense corroborated the appellant, and contradicted the witness Mullen.

The evidence is conflicting, it is true; but this court cannot review the weight of the evidence, and can look into it only to see whether there was an error in not directing a verdict for the defendant, or in refusing to grant a new trial when there was no evidence to sustain the verdict rendered. It has been held by this court in *Territory* v. *Miramontez,* 4 Ariz. 179, 36 Pac. 35, that "the appellate court will not grant a new trial on the ground that the verdict is contrary to the evidence, when the testimony is conflicting, if there is any evidence to support the verdict." If the verdict was manifestly against the weight of evidence, that would afford defendant proper ground upon which to move for a new trial, but that motion

would be submitted to, and passed upon by, the judge of the lower court, who had heard the testimony, had seen the appearances and deportment of the several witnesses, and had noted the consideration given to them and their testimony by the jury; and the granting or refusal of such a motion by the trial court is a matter of discretion that will not be disturbed by the appellate court in any instance where any evidence to support the verdict was properly given to the jury. *Crumpton* v. *United States,* 138 U. S. 361, 11 Sup. Ct. 355.

In this case the testimony of the prosecuting witness is direct and positive that the defendant, without provocation or excuse, fired at him with a six-shooter, at a distance of forty-five steps. Other witnesses testified that the appellant had said that he would shoot Mullen, the prosecuting witness, if he saw him; that "he was going to kill Mullen, if he caught him on the range down there." The defendant testified that he shot at Mullen on this occasion with a 44 Colt's revolver, but states that it was after Mullen had fired at him with a shotgun; while Clanton, who heard the firing, testified that the first report was a pistol-shot, and the later ones gun-shots. This testimony was certainly sufficient to go to the jury for their consideration, and, if believed by them, to support a verdict. The weight of this evidence, and the extent to which it was contradicted or explained away by the witnesses for the defense, were questions exclusively for the jury, and will not be reviewed by this court on appeal. The judgment of the lower court is therefore affirmed.

Sloan, J., and Davis, J., concur.