[Civil No. 718.    Filed March 28, 1900.]

[60 Pac. 871.]

MARICOPA AND PHŒNIX AND SALT RIVER VALLEY RAILROAD COMPANY, a Corporation, Defendant and Appellant, v. MERTIE LEE DEAN, Administratrix of the Estate of George H. Dean, Deceased, Plaintiff and Appellee.

1. APPEAL AND ERROR—PERSONAL INJURIES—NEGLIGENCE—VERDICT— WILL NOT BE DISTURBED WHERE CONFLICT OF EVIDENCE—ANDERSON v. TERRITORY, 6 ARIZ. 185, 56 PAC. 717—TERRITORY v. MIRAMONTEZ, 4 ARIZ. 179, 36 PAC. 35, FOLLOWED.—In an action to recover damages for injuries resulting in death through the negligence of defendant railroad company, the case turned upon the fact whether or not the statutory requirement, making it mandatory upon railroad corporations to cause a bell to be rung upon approaching a crossing for a distance of not less than eighty rods from the same was complied with. The verdict of the jury based upon contradictory testimony is that it was not, and this court is not at liberty to disregard the verdict upon a disputed question of fact where there is any evidence to support it. Cases, *supra*, followed.

2. PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF. —In an action for damages for personal injuries the burden of proving contributory negligence is upon the defendant.

3. SAME—SAME—EVIDENCE—CREDIBILITY OF WITNESS.—The testimony of two witnesses as to admissions of the driver of the vehicle in which decedent was when struck by defendant's train, contradictory to his testimony that he looked and listened before attempting to cross, is not binding upon decedent, but only goes to the driver's credibility as a witness, which is purely within the province of the jury, and not subject to review on appeal, and does not make out a case of contributory negligence sufficient to warrant a reversal, though corroborated by other evidence.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

Kibbey & Edwards, for Appellant.

Baker & Bennett, for Appellee.

SLOAN, J.—The only error assigned by appellant in this case is that the verdict of the jury was not sustained by the evidence. The appellee, as the administratrix of the estate of George H. Dean, deceased, brought suit against the appellant to recover damages for injuries resulting in the death of said George H. Dean, deceased,—caused, as alleged by her in her complaint, through the negligence of the railroad company. The suit was brought by the plaintiff, under the statute, in behalf of herself, as the widow of said Dean, deceased, and as well in behalf of two children, the issue of the marriage between her and said deceased. It appears that on the morning of the 14th of May, 1898, George H. Dean, in company with one Horace Bliss and one Bert Toney, was driving into Tempe on the highway between the villages of Mesa and Tempe, riding in a farm wagon drawn by two horses. Bliss was the driver of the conveyance. While crossing the railway track near Tempe the wagon was run into by appellant's train and Dean and Toney killed and Bliss seriously injured. The railroad crossing where the accident occurred was within the limits of the village of Tempe. It appears that the Hay-

den Canal parallels the railway track at this point, about
one hundred and thirty-five feet to the north. At the place
where the wagon-road crosses the ditch the latter is spanned
by a bridge. Near the track, and in the direction from the
bridge from which the train came on the morning of the acci-
dent, there was at that time a row of cottonwood trees, which
at least partially obstructed the view. The question of the
negligence of the railroad company turned upon whether or
not sufficient warning was given of the approach of the
train by the ordinary method of whistling for the crossing
and the ringing of the bell. Under the assignment of error
our inquiry, therefore, is necessarily limited to an examina-
tion of the record for the purpose of ascertaining whether the
testimony on this point is sufficient to sustain the verdict, and
the further question whether the deceased or Bliss, the driver
of the wagon, was guilty of contributory negligence.

Bliss testified that on reaching the bridge he almost stopped
his horses and looked and listened for the train, but neither
saw nor heard it; that from this point until he reached the
track the latter was obscured, in the direction from which
the train came, by the row of cottonwood trees; that from the
bridge towards the track there was first a sharp descent and
then an equally sharp ascent to the track; that while in the
hollow between the bridge and the track he again stopped
and looked and listened for the train, and again neither heard
nor saw it; that he then started across, and just as he was
going on to the track, for the first time, he saw the approach-
ing train, when it was too late to do anything but jump.
John Knight, a witness for plaintiff, testified that at the time
of the accident he was standing on the outside of his store
building in Tempe, talking to a Mr. Woodmansee, and saw
the train pass his place immediately before it reached the
crossing where Dean was killed, which was in sight, and about
three hundred feet distant; that about three hundred yards
from the crossing the train gave one short whistle; that it was
then running at about the rate of twenty or twenty-five miles
an hour; that the bell was not ringing when it passed the
point where he stood. This witness corroborated Bliss as to
the presence along the track of the row of cottonwood trees,
and that at the time of the accident the view from the bridge
to the track in the direction from whence the train came on

the morning of the accident was obstructed by these trees and the undergrowth about them. Woodmansee corroborated Knight as to the speed of the train, and the former's statement that the bell was not ringing at the time the train passed the former's store, but testified that he heard no whistle. His statements with regard to the obstruction to the view caused by the trees and undergrowth also corroborated the testimony of both Bliss and Knight. Other witnesses (among them, the brakeman and express messenger of the train) testified either that the bell was not rung, or that they did not hear it, immediately before the accident. On the part of the defense, numerous witnesses testified to having heard the whistle of the train before it reached the crossing. Both the engineer and the fireman testified that they whistled for the crossing, and that the bell was ringing before the train reached the crossing, and at the time of the accident. Two or three of the passengers who were on the train corroborated the statements of the engineer and fireman. Other witnesses for the defense testified that they saw the wagon, driven by Bliss, just before it was struck by the train; that Bliss, the driver, seemed to be urging his horses up the grade and across the track, as if he knew of the approach of the train, and was trying to cross the track in advance of it. The doctor who attended Bliss testified that the latter, after the accident, stated that he heard the train coming, but thought he could cross before it could reach him, but made a mistake and got caught. One Leonard Berg also testified to a similar admission on the part of Bliss. The witness Bliss denied having made these admissions. Upon the question of the negligence of the railroad company, as we have said, the case turned upon the fact whether or not the statutory requirement, making it mandatory upon railroad corporations to cause a bell to be rung upon approaching a crossing for a distance of not less than eighty rods from the same, was complied with in this instance. The reading of the cold record does not present a strong case in favor of the contention of the appellee that the bell was not rung as required by the statute, and if we were to decide that question with no regard to the finding of the verdict it would be against that contention. There was, however, testimony to support it. The witnesses Knight and Woodmansee were both positive in their statements that the bell was not rung while pass-

ing the former's store building, which, as we have seen, was within three hundred feet of the crossing. We are not at liberty to disregard the verdict of the jury upon a disputed question of fact, where there is any evidence which supports it. *Anderson* v. *Territory*, 6 Ariz. 185, 56 Pac. 717; *Territory* v. *Miramontez*, 4 Ariz. 179, 36 Pac. 35.

Upon the question as to whether or not the occupants of the wagon by their own negligence contributed to the accident the burden of proof was upon the appellant. The case for the appellant upon this question rested upon the admissions of the witness Bliss, and his conduct as testified to by certain eye-witnesses, from which the inference might be drawn that he had seen the train, or heard it, but undertook to cross the track in advance of its reaching the crossing. The admissions of Bliss could not bind the plaintiff in the action, and only went to his credit as a witness. It was purely within the province of the jury to determine the credibility of the witnesses, and it is not a question for this court to determine upon the appeal. We cannot say, as a matter of law, that the jury were wrong in believing Bliss, and in discarding the testimony of the impeaching witnesses. In our judgment, there is enough testimony in the record to support the verdict, and the judgment is therefore affirmed.

Davis, J., and Doan, J., concur.