HENRY WOODIN pl'ff in error *vs.* THE PEOPLE def'ts in error.

On the trial of an indictment for rape, it is competent for the counsel for the prisoner, on the cross examination of the prosecutrix, to ask her whether the treatment complained of '' was with her consent or against her will.''

Such a question is not objectionable in form, but if the objection to it had been put on that ground, and an exception taken, it would not have been available, for the form of a question, if not otherwise objectionable, is a matter of discretion with the court.

The credibility of witnesses is exclusively a question for the jury, and it is not erroneous in the court to refuse to charge the jury how they ought to find in a case resting on the credibility of witnesses.

The opinion of a physician upon a question not involving medical skill or science is not admissible evidence.

Where it appeared from the testimony of a physician that the prosecutrix for an alleged rape was of more than ordinary strength and health, and that the defendant was sixty years of age, the following question, put to the same witness, was held to be incompetent.    '' From what you know of her health and strength, in your opinion, could the defendant have had carnal connection with her against her will, without resort to other means than the exercise of his ordinary physical powers?''   *Held,* that this was a question in regard to which the jury could judge equally well with the witness, and did not involve medical skill or science, and was not a case for an expert.

*Held,* also, that the question, whether in the opinion of the witness a rape could be committed on a female who had borne children, and also was in ordinary health and strength, without resort to other means than the exercise of ordinary physical powers, came within the same rule and was incompetent, though the prosecutrix had previously testified that she had borne two children before the alleged rape, and that the ravishment was accomplished by means of the superior strength of the prisoner.

When the prosecutrix had testified, that as soon as practicable after the alleged rape she made it known and complained to her husband, and to her mother and Judge Jerome and other persons, and was corroborated by the testimony

Woodin v. The People.

of her husband as to the disclosures to him, and it appeared that Judge Jerome was present at the trial and was not called as a witness, it was held not to be erroneous for the court to refuse to charge the jury, that the corroborating evidence of Judge Jerome and others as to her disclosures was necessary to confirm her testimony and entitle it to full credit; and held that the court correctly charged the jury, that it was not necessary for the people to call the other persons referred to as witnesses, if the jury were satisfied that the prosecutrix and her husband had testified truly, in regard to the communications made by her.

This case came before the court on certiorari to the court of Oyer and Terminer of Ontario county. The facts are sufficiently stated in the opinion of the court.

*A. Worden,* for plaintiff in error.

*J. A. Spencer,* for defendants in error.

*By the Court,* WELLES, J.—The defendant was tried and convicted at the Oyer and Terminer in Ontario county, in February, 1853, of a rape upon the body of Sarah Woodin, his son's wife.

In the course of the direct examination of the prosecutrix as a witness, and after she had testified to the principal facts of the case, the district attorney asked the witness the following question: "Was this treatment with your consent or against your will?" The defendant's counsel objected to the question, " on the ground that it is the very question for the jury to de-determine from all the facts," &c. The court overruled the objection, and the defendant's counsel excepted, and the witness answered that it was wholly against her will. There was no error in this decision. The only possible objection there could be to the question, was in relation to its form, as indicating the answer of the witness in one of two ways. If the objection had been placed on that ground, it would not have been error, for the reason that the form of a question, if it is not otherwise objectionable, is a matter of discretion with the court. The objection, however, was not put on the ground of the form of the question; nor do I think the question was ob-

jectionable in form even. As to its substance, it was clearly proper, as going to prove directly an essential ingredient of the crime charged.

After the prosecution rested, the defendant's counsel requested the court to instruct the jury, that, as matter of law, it was not a case where, upon the evidence, there could legally be a conviction for the offence of rape, which request the court declined and the defendant's counsel excepted. If the testimony of the witnesses was to be believed, the crime charged was, in my opinion, proved. The credit of the witnesses was, exclusively, a question for the jury. The request of the defendant's counsel was therefore properly refused.

It was proved, on the part of the defendant, by a physician, who knew the defendant and the prosecutrix, and lived in their neighborhood, that she, the prosecutrix, was a female of more than ordinary strength and health, and that the defendant was sixty years of age. The defendant's counsel then asked the physician the following questions: " From what you know of Mrs. Woodin's health and strength, in your opinion, could the defendant have carnal connection with her against her will, without resorting to other means than the exercise of his ordinary physical powers? From what you know of Mrs. Woodin's health and strength, in your opinion, could a man have carnal connection with her against her will, without resort to violence, beyond the exercise of his ordinary physical powers?" To each of these questions the counsel for the people objected, which objections were sustained, and the defendant's counsel excepted. The evidence of the opinion of the witness was clearly inadmissible. It did not involve medical skill or science, nor was it a case for an expert. The jury could judge equally well with the witness, after they were. in possession of the facts, upon which he must necessarily base his opinion.

The defendant's counsel then offered to prove by the same and other medical witnesses, that the crime of rape could not, in their opinion, be committed upon a female who has borne children, and who is in ordinary health and strength, without a resort to other means than the exercise of his ordinary physical

Woodin v. The People.

powers. This offer was objected to on the part of the people, and the objection sustained, and an exception taken. The prosecutrix had previously testified that she had two children before the alleged rape was committed upon her, and in detailing the circumstances of the ravishment, she stated, in substance, that the defendant accomplished his purpose by means of his superior strength. I think the evidence here offered was equally objectionable with the last. It was not a subject for the evidence of the opinions of experts or of scientific men.

The prosecutrix had testified, in substance, that as soon as practicable after the consummation of the crime by the defendant, she made complaint to her husband and made known to him the violation of her person. Also that soon afterwards she stated the same things to her mother, Judge Jerome, and some other persons. Henry Woodin, jr., her husband, corroborated her testimony in relation to her disclosures to him and to Judge Jerome. The bill of exceptions states that Judge Jerome was in court during the trial as a witness subpœnaed by the people and the defendant. Also that there was no evidence from any of the persons to whom she testified she made known the alleged violation of her person, except the testimony of her husband.

The charge of the presiding justice to the jury was full upon all the points and questions involved. Quite a number of exceptions were taken to various parts and portions of it respectively, by the defendant's counsel. I do not feel called upon to notice them in detail, but content myself with remarking that, in my judgment, none of the exceptions are well taken. The one most relied upon on the argument, is the one growing out of the request of the defendant's counsel that the court should charge the jury that the omission to confirm the testimony of the prosecutrix in relation to her disclosures to the individuals to whom she made them, besides those to her husband, was an omission to show by competent proof, important circumstances, necessary to confirm her testimony and entitle it to full credit. The presiding judge refused so to charge, and the defendant's counsel excepted; and the judge did thereupon charge the jury

on that subject, that it was not necessary for the people to call the other persons referred to, as witnesses, if the jury were satisfied that the prosecutrix and her husband had testified truly in regard to the communications made by her. The judge also stated to the jury that Judge Jerome had been in attendance as a witness during the whole trial, and might have been called upon to contradict the statements alleged to have been made to him had they been untrue, to which the defendant's counsel excepted. I do not discover any just ground of complaint in respect to the charge or refusal to charge in this respect. It was true that Judge Jerome was in court as remarked by the judge to the jury. The prosecutrix had testified that she made the disclosures to her husband, and he had testified to the same thing. If the jury believed them, it was sufficient. The omission to call the other persons as witnesses did not, in my opinion, warrant the court to instruct the jury that she was thereby discredited. It was, after all, a question for the jury, and involved no legal point upon which an exception could be taken.

Upon the whole, I am constrained to say that, in my judgment, the charge was throughout just, liberal and fair, and was not obnoxious to any legal objection. Much of the argument of the defendant's counsel was designed to show that the verdict was not warranted by the evidence. This we can not give heed to in a writ of error or certiorari in the nature of a writ of error, founded upon a bill of exceptions.

The judgment of the court of Oyer and Terminer should be affirmed