STATE OF VERMONT *v.* DAVID NILES.

*Rape.  Evidence.*

In rape, evidence that the prosecutrix afterwards complained of the act, is only admissible as confirmatory of her testimony. But mere lapse of time between the commission of the crime and the making of the complaint, is not the test of admissibility of such evidence; but is only matter for the consideration of the jury, in determining upon the weight to be given to it.

State *v.* Niles.

The particulars of such complaint cannot be given in evidence. The rule is, that it is competent to prove that the prosecutrix made complaint, and that an individual, without naming him, was charged with the crime.

The court charged the jury that if the prosecutrix, in the first instance, consented to the intercourse, but after it had commenced, withdrew her consent, and the respondent thereafterwards forcibly continued it, knowing of her dissent, it would be rape. *Held*, as applicable to this case, no error; that there is no rule upon the subject, of universal application; that in adopting a rule for this case, the court might well consider the physical strength of the prosecutrix; the relation she sustained to the respondent; and all the other circumstances disclosed by the evidence.

INDICTMENT for rape upon Lillian Gray, a female above the age of consent, on the 20th day of January, 1874. Plea, not guilty. Trial by jury and verdict of guilty, June term, 1874, Ross, J., presiding.

The evidence on the part of the state tended to show, that the said Lillian, on or about the day in question, left the residence of the respondent, in Burke, in company with him, and went with him a distance of about two miles, to Watson's sugar house, and that, soon after leaving the respondent's house, he informed her of his intention to go to said sugar house, and there have sexual intercourse with her; that no violence or threats were there employed, but the said Lillian followed the respondent to said place, without remonstrance or complaint; that there she made no outcry and no resistance, other than is hereinafter stated. The only testimony in regard to what took place in the sugar house, was that of the said Lillian, who testified: " We went into the sugar house ; stayed there about fifteen minutes ; no path to sugar house ; he went forward ; went into sugar house ; he took off my under clothes, and put me on boards or a slab ; he got on top of me ; I was wet ; I tried to get away from him; he held me there ; stayed about fifteen minutes; went then to West Burke, at German's ; he bought me a dress ; then went home." On cross-examination she testified : " He held me by getting on top of me. Knew soon after we started from home, that we were going to sugar house for this purpose. Didn't holloa or scream. I wanted to get up, and he wouldn't let me. I believe that was all I tried to get away from him." She testified that the respondent, after the act complained of, made threats to her in case she disclosed it ; but no violence or threats were made other than as above set forth.

Lillian was the daughter of the respondent's wife, and then only 12 years old, and of small stature. About the first of the following April, the respondent's wife left him to go and live with Mrs. Ladd, at Barton Landing, taking Lillian with her. Up to this time, Lillian had never made any complaint of the respondent's usage of her, and had never disclosed it to any one. Mrs. Ladd was then and still is unfriendly to' the respondent. She testified that two weeks after Lillian arrived at her house, in response to her inquiries, Lillian complained of the respondent's usage of her above testified to, which had occurred some two months previously, and said she had not told of it before because she " did not dare to, for he said he would kill me and mother too, if I told." The respondent excepted to the admission of this testimony. It had appeared uncontradicted that until Lillian went to Mrs. Ladd's to live, she had lived with her mother in a house with the respondent. The state, in corroboration of Lillian's story, gave medical testimony tending to show that some person had had sexual intercourse with her, and probably several times.

The court, among other things not excepted to, charged the jury that if Lillian, in the first instance, consented to the sexual intercourse with the respondent at the time and place alleged, and if the respondent commenced and entered upon the sexual intercourse with her consent, but she then withdrew her consent, and the respondent forcibly continued the intercourse after he had knowledge of her dissent, it would be rape. The charge in all other respects was satisfactory to the respondent, and such as the case called for. To so much of the charge as is given, the respondent excepted.

*Belden & Ide*, for the respondent.

The admission of Mrs. Ladd's testimony was improper. " In prosecutions for rape, proof of the fact that the prosutrix made a complaint *soon* after the commission of the alleged crime, is admissible. But the particulars stated as to the violence used, *or the person who committed the violence*, cannot be received. The *name* of the person charged should not be mentioned." 1 Phil. Ev. 184; *Rex* v. *Clarke*, 2 Stark. 241; *Regina* v. *Megson et als.*

State *v.* Niles.

9 C. & P. 418. In this case, the complaint was made *two months* after the alleged offence, and on that ground, if on no other, was inadmissible.

The charge of the court was most clearly incorrect. It is unsustained by any text-book or decided case. The very essence and gist of the crime of rape, consist in the outrage to the woman's feelings, and in the forcible entry upon her person without her consent. When a woman exposes her person, invites sexual intercourse, rouses a man's passions and allows him, in pursuance of such invitation, actually to penetrate her person, the mere fact that the animal passions which have been roused by her own act, refuse to submit to her commands—instantly to cease—has no resemblance to the high crime of rape. *State* v. *Hartigan*, 32 Vt. 607. The crime of rape always includes the lower crimes of assault, and assault with intent to commit rape. The facts stated by the court entirely *exclude* those crimes, but assume to include the higher.

*Elisha May*, state's attorney, for the state.

Mrs. Ladd's testimony was admissible. Whether the girl made the complaint was a proper subject of inquiry. 3 Greenl. Ev. §§ 212, 213 ; Arch. Crim. Pl. 481, 482. The child was under duress, and made the complaint as soon as she dared 2 Bishop Crim. Law, § 1123, n. 1, & § 1125 ; 1 Bishop Crim. Law, §§ 261, 562, *et seq.*, 1123, n. 1, 1125. There is no rule of law how soon after the offence the complaint must be made. 4 Bl. Com. 211, 213, n. 15. It is all a question of fact to be settled by the jury. 3 Greenl. Ev. §§ 212, 213.

The charge as to the consent was correct. Rape implies violation of the woman's person ; and it occurs at any time during the carnal intercourse when the woman withdraws her consent. 2 Bishop Crim Law, § 1125 ; Arch. Crim. Pl. 481 ; *State* v. *Hartigan*, 32 Vt. 607.

The opinion of the court was delivered by

ROYCE, J The respondent was indicted and tried for committing a rape upon one Lillian Gray. The said Lillian Gray was

improved as a witness by the state, and in her testimony gave a particular history of the transaction, and charged the respondent directly with the commission of the crime, and gave the time, place, and circumstances of its commission. The state called Mrs. Ladd as a witness, and she was permitted to testify against the respondent's objection that Lillian, in response to her inquiries about two months after the alleged commission of the crime, complained to her of the respondant's usage of her as above testified to ; by which we understand that Mrs. Ladd testified that Lillian told her the same story that she had testified to in court. Two objections have been urged against the admissibility of Mrs. Ladd's evidence : the first is, that the complaint was not made to her within such a period of time as to make it admissible. Evidence of this character is only admissible as confirmatory of the evidence given by the party upon whom the rape is alleged to have been committed. It was ruled by HOLROYD, J., in *Clarke's* case, 2 Stark. 241, that in a prosecution for rape, the fact of a woman's having made a complaint *soon* after the assault took place, is evidence. This rule has been embodied into all the text books upon evidence ; but it has never been understood that mere lapse of time could be made the test upon which the admissibility of such evidence depended. The time that intervenes between the commission of the crime and the making of the complaint, is a subject for the jury to consider in passing upon the question of the weight that should be given to the evidence ; so that this objection was not well taken. The second objection was to permitting Mrs. Ladd to testify to the particulars of the complaint. It was held in *Clarke's* case, above cited, that the particulars of the complaint could not be given in evidence. The rule is, that it is competent to prove that the person upon whom a rape is alleged to have been committed, made a complaint, and that an individual, without naming him, was charged with its commission. In *Regina* v. *Osborne*, 1 C. & M 622, (41 E. C. L. 338), after the witness had testified that the prosecutrix made complaint, and charged a particular person with the commission of the rape, it was proposed to ask her whose name was mentioned by the prosecutrix, and the

court held that it was not permissible. See also *Regina* v. *Megson et al.* 9 C. & P. 418, and *Regina* v. *Guttridges et als.* Ib. 471.

This objection we think was well taken. The exception taken to the charge of the court, has to be considered with reference to the facts developed by the evidence, and, as applicable to this case, we think it was unexceptionable. There is no rule upon the subject, of universal application; and in the adoption of a rule for this case, the court might well take into consideration the age and physical strength of the girl upon whom the rape was alledged to have been committed, and the relation she sustained to the respondent, and all the other circumstances disclosed by the evidence.

Judgment reversed, and cause remanded.