### STATE *vs.* JOHN J. MULKERN.

#### Cumberland.    Opinion November 7, 1892.

*Rape.    Complaint.    Practice.*

The mere lapse of time between the commission of a rape and the complaint of the act by the prosecutrix, is not the test of the admissibility of the complaint.

The prosecutrix testified that the "alleged assault" took place on Sunday night, and was thereupon allowed to testify that she made the complaint the next night ; *Held*, that the defendant has no cause for exception based upon the ground that the nature of the complaint was not more distinctly specified,— no other than the one set out in the indictment having been mentioned.

ON EXCEPTIONS.

The case is stated in the opinion.

*Frank W. Robinson*, County Attorney, for State.
*C. P. Mattocks* and *D. A. Meaher*, for defendant.

VIRGIN, J.　In the trial of one indicted for the crime of rape the prosecutrix is allowed to testify that she, subsequently to the commission of the offense, made complaint of the injury; she cannot enter into its details.　This practice is permissible upon the grounds that it tends more or less to corroborate her testimony as to the alleged crime.　Mere lapse of time between the perpetration of the act and the complaint is not the test of its admissibility.　The time that intervenes is a subject for the jury to consider in passing upon the weight of her testimony; and the degree of credit to be given it on account of the delay in making it depends upon the particular circumstances of the case.　*Clarke's Case*, 2 Stark. 241; *Reg.* v. *Osborne*, 1 Carr. & M. 622; 3 Greenl. Ev. § § 212, 213; Whart. Cr. L. 440.

The defendant's bill of exceptions recites that, "the prosecutrix, having testified that the *alleged assault* took place on Sunday evening, was asked on direct examination: 'Q. Did you make any complaint? Ans. Not that night. Q. When did you? Ans. The next Monday night. Q. To whom? Ans. To the marshal. Q. State whether that complaint was that you had been ravished?' [Counsel for defendants.] 'We object because the complaint was too late.' After testifying why she did not make it sooner, she was further interrogated by the county attorney: 'Q. Now state what the complaint was that you made to the marshal?' [Counsel for the defendant.] 'We renew the objection.' [The court.] 'The fact that she made a complaint is already in, the terms of it I will exclude.'"

The defendant now urges, as one ground of objection to the testimony that, while the prosecutrix was allowed to testify that she made "a complaint" the next night, the nature of the complaint does not appear.

The bill of exceptions does not show that any such hypercritical question was raised at the trial, either in argument to the jury or by any request for an instruction to the jury, of that purport. But as seen, the bill of exceptions shows that the prosecutrix having testified that "*the* assault" took place, etc., thereupon

also testified that she *made complaint* to the marshal, which the marshal corroborated. "The assault" mentioned was the only one under investigation, viz., the one set out in the indictment for the commission of which the defendant was being tried. The judge so understood it as appears from his remark above mentioned,—"that the fact that she made a complaint is already in, and that he would exclude its terms," as well as his repeated mention of the "complaint" in his charge to the jury, which is printed in the bill of exceptions, and the jury must have so understood it.

Moreover, if he would take advantage of a want of evidence to support the verdict, or contend that it was against law, he should have raised the question by motion to that effect addressed to the judge before whom the case was tried.

2. The second objection is that the complaint was made too long after the alleged offense to be admissible. This as before seen is not tenable.

The charge was quite as favorable to the defendant in all other respects, as he was entitled to.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.