STATE OF IOWA V. FRANK PETERSON, Appellant.

**Rape Indictment: ASSAULT:** *Duplicity*. An indictment for rape which charges an assault is not bad for duplicity, as an assault is an element of the crime of rape.

**Rape: COMPLAINTS:** *Corroboration*. Where it was alleged that a rape was committed in the evening, evidence of complaints made by prosecutrix the following morning are admissible as tending to corroborate her testimony.

SAME. It was not error, in a prosecution for rape, to permit the prosecutrix to testify that she exhibited the underclothing worn by her at the time of the assault to the persons to whom she made complaint.

SAME. Underclothing worn by the prosecutrix at the time a rape was alleged to have been committed on her may be admitted in evidence.

LEADING QUESTIONS TO PROSECUTRIX: *Discretion*. Where the prosecutrix in a prosecution for rape was confused and agitated while giving her testimony, it was no abuse of discretion to permit leading questions to be asked her.

MENTAL ABILITY OF. It is not error, in a prosecution for rape, to permit the state to show the schooling and mental ability of the prosecutrix.

**Admissions:** *Voluntary*. Admissions made by a prisoner at the time of his arrest are not inadmissible as involuntary, merely because he was in the custody of one of the persons to whom such statement was made.

MEDICAL WORKS AS EVIDENCE. It is proper, in a criminal cause, to refuse to permit medical works to be introduced in evidence.

EXPERT OPINIONS. Questions asked medical experts, in a prosecution for rape, which tend to show that the crime could not be committed on an ordinary, matured female, were properly excluded.

REQUESTED INSTRUCTIONS. It is not error, in a criminal cause, to refuse to give requested instructions, where those given cover the entire case.

*Appeal from Clinton District Court.*—HON. JAMES W. BOLLINGER, Judge.

WEDNESDAY, APRIL 11, 1900.

DEFENDANT was indicted, tried and convicted of the crime of rape, and sentenced to the penitentiary for the term of twenty-five years. From the judgment imposed, he appeals—*Affirmed*.

*E. L. Miller, J. S. Darling,* and *Hayes & Schuyler* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

DEEMER, J.—The prosecuting witness, a German girl of but fifteen years of age, was followed by defendant from a store, whither she had gone to procure some groceries for a family for whom she was working, for a distance of about half a mile, to a turn in the road which witness was following, that was some distance from any house or building where people were living; and the state claims that defendant then and there forcibly ravished the said witness. Defendant admits the intercourse, but denies that he used any force or violence to accomplish his purpose. The act took place after dark on the evening of November 29, 1898. It is said that the indictment is bad for duplicity, in that it charges an assault, and also a rape. We will not set it out, as it is in the usual form of indictments in such cases, and is not vulnerable to the objection stated. *State v. Casford,* 76 Iowa, 330. The assault is charged as a part of the crime of rape, and, as there can be no rape without an assault, there is no objection to charging it as a part of the acts going to make up the offense.

II. Complaint is made of the court's rulings on objections to leading questions propounded to the prosecutrix. That the questions were leading is conceded, but the evidence tends to show that the witness was confused and in an agitated frame of mind while on the witness stand, and we see no abuse of the discretion lodged

in the trial court in permitting such questions. The trial court was better able than we to judge of the propriety of such examination, and we are not inclined to interfere unless there has been a palpable abuse of such discretion. *State v. Watson,* 81 Iowa, 380; 1 Greenleaf Evidence, section 435; *State v. Benner,* 64 Me. 267. The state was permitted to show that on the next morning the prosecutrix made complaint to the people for whom she was working, and to her father, of the assault made upon her by the defendant the previous evening. Defendant claims that this complaint was too far removed in time from the principal occurrence to be received as evidence. If such testimony were admissible solely because part of the *res gestae,* this contention would be of much merit. Such complaint, however, is admissible, not solely because it is part of the *res gestae,* but because it is a fact tending to corroborate the evidence of the prosecutrix. *State v. Richards,* 33 Iowa, 420; 3 Greenleaf Evidence, section 213; McClain, Criminal Law, section 455. Lapse of time is not, therefore, the sole test of admissibility. But the inference arising against the truth of the charge, from silence, is a matter for the consideration of the jury in determining the weight to be attached to it. *State v. Niles,* 47 Vt. 82; *State v. Nulkern,* 85 Me. 106 (26 Atl. Rep. 1017); *State v. Cross,* 12 Iowa, 66. The delay in making complaint may be explained. *State v. Shetlleworth,* 18 Minn. 208 (Gil. 191); *State v. Reid,* 39 Minn. 277 (39 N. W. Rep. 796). In the case at bar the state attempted to explain the delay by showing that a number of persons, practically strangers, were present at the house where she was working when prosecutrix arrived home, and that they remained until after bedtime. The sufficiency of this showing was for the jury. The complaints made, as admitted in evidence, were not inadmissible because they consisted of a narration of facts. All objectionable parts were stricken out on motion of the state. It is permissible for the state to give in evidence complaints made by the prosecutrix to the effect that defend-

ant assaulted or ravished her. The exact particulars stated by her cannot, of course, be narrated, but the fact regarding which complaint is made may be stated. *State v. Cook,* 92 Iowa, 486; *State v. Watson,* 81 Iowa, 380; *State v. Mitchell,* 68 Iowa, 119; *McMurrin v. Rigby,* 80 Iowa, 325. Evidence was also received, over defendant's objection, tending to show the schooling and mental ability of the prosecutrix. This was clearly admissible. The prosecutrix was also permitted to testify that when she made complaint she exhibited certain underclothing that she had on at the time the ravishment occurred. This underclothing was produced at the trial, and introduced in evidence. There was no error in the ruling with reference to this evidence. *State v. Montgomery,* 79 Iowa, 737; *Hornbeck v. State,* 35 Ohio St. 277. Complaints are made of various rulings of the court on the cross-examination of several of the witnesses. We will not set them out, as to do so would unduly extend this opinion. The rulings were generally correct. Where incorrect, they were without prejudice, because sufficiently answered at other times. Witnesses were permitted to testify as to what defendant said to them after his arrest regarding his assaulting the prosecutrix. There is nothing, save the fact that the defendant was then in the custody of one of the witnesses, to indicate that the confession was involuntary. The fact that he was then in the custody of one of the parties does not show that the statements were involuntary. *Com. v. Culver,* 126 Mass. 464. At the conclusion of the evidence for the state, defendant moved for a verdict. This motion was overruled, and exception taken. The essential elements of the crime of rape are well understood, and need not be repeated. In view of the age and mental condition of the witness, it was for the jury to determine whether or not the prosecutrix offered that resistance to the assault which precluded the idea of consent. *State v. Cross,* 12 Iowa, 66; *State v. McCaffrey,* 63 Iowa, 479.

III. Defendant offered certain medical works in evidence, that were excluded. This ruling was correct. *Bixby v. Bridge Co.,* 105 Iowa,. 293; 43 L.R. A. 533. He also offered to show by medical experts that the crime of rape cannot be committed upon an ordinary, mature female.

Other questions were propounded to these medical experts, based on facts that the evidence tended to prove, calling for an opinion as to whether or not it was possible for defendant to have had intercourse with the prosecutrix against her will and objection. Objections to these questions were sustained. A few cases seem to sustain the contention made by defendant's counsel, that such opinion evidence is admissible. See *People v. Clark,* 33 Mich. 112; *People v. Baldwin,* 117 Cal. 244 (49 Pac. Rep. 186). The better opinion seems to be the other way, however, for the reasons—First, that to permit such evidence would allow the witness to assume the functions of the jury; and, second, the matter inquired about is not the subject of expert evidence. See *State v. Teipner,* 36 Minn. 535 .(32 N. W. Rep. 679); *Cook v. State,* 24 N. J. Law, 853; *Gould v. Schermer,* 101 Iowa, 590; *Woodin v. People,* 1 Parker, Cr. R. 464. Complaint is made of the latitude allowed counsel for the state in the cross-examination of defendant. It seems to have been confined to matters inquired of in chief, and we discover no error. General complaint is made of the conduct of the judge during the trial of the case. There was much in the conduct of counsel that was unseemly, which seemed to call for unusual remarks from the court. No doubt, counsel's remarks were prompted by zeal for their client, and not made with contemptuous or insolent intent; but they were such as to aggravate the court, and call for remarks that would hardly be sanctioned under other circumstances. We have carefully gone over the case, in view of this state of the record, and discover no prejudicial error.

IV. Ninety-eight separate instructions were asked by the defendant's counsel, each and all of which were refused.

The instructions given by the court very clearly and fully covered the ground, and gave to defendant the benefit of every fact relied upon by him. To have included more in the charge would have tended to confuse, rather than to clarify; and, without setting out either the instructions given or those refused, we conclude by saying there was no error.

V. Some other matters are complained of, but they are not regarded as of enough importance to justify extended consideration. It is sufficient to say we discover no error.

VI. There is sufficient evidence to sustain a verdict of guilty, but we do not think it called for the severe sentence given by the court. There are some circumstances which tend to sustain defendant's claim that he was justified in believing from the prosecutrix's conduct that her resistance was more apparent than real. In any event, we think the sentence should be reduced to eight years. With this modification, the judgment is AFFIRMED.