[Criminal No. 166. Filed March 20, 1903.]

[71 Pac. 932.]

# WALTER TRIMBLE, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW — RAPE — EVIDENCE — TESTIMONY OF PROSECUTRIX— SUFFICIENT TO CONVICT—CURBY V. TERRITORY, 4 ARIZ. 371, 42 PAC. 953, FOLLOWED.—Rape is not one of the offenses which requires corroborative evidence, and a conviction thereof may be had upon the testimony of the victim alone.

2. SAME — SAME — SAME — COMPLAINT — CORROBORATION.—In a prosecution for rape, it is always competent for the prosecution to show as a part of its case that complaint was made recently after the commission of the outrage, and this fact is treated as a circumstance corroborative of the complainant's testimony.

3. SAME—SAME—SAME—SAME—LAPSE OF TIME BETWEEN ACT AND COMPLAINT—AFFECTS WEIGHT BUT NOT ADMISSIBILITY—SURROUNDING CIRCUMSTANCES—MUST BE CONSIDERED.—Lapse of time between the commission of the crime of rape and complaint by the prosecutrix affects the weight but not the admissibility of evidence of complaint having been made; and in considering what weight should be given to such testimony, regard should be taken of the surrounding circumstances, such as intimidation by threats, or lack of opportunity.

4. SAME—SAME—CHARGE TO JURY.—In a prosecution for rape the court charged that the prosecution relied upon the testimony of the prosecutrix alone; that the uncorroborated testimony of the prosecutrix, unsustained by other evidence, or by facts and circumstances corroborating it, should be viewed with great caution; that in considering her testimony the jury may take into consideration the facts and circumstances surrounding the place where the alleged offense is charged to have been committed,—all the facts and circumstances at the time and immediately after the alleged offense was committed,—in determining the weight of her testimony and the reasonableness thereof. *Held,* that such instruction was neither unfavorable nor prejudicial to the defendant.

5. SAME—SAME—SAME—WITNESSES—CREDIBILITY—RIGHT OF JURY TO DISREGARD TESTIMONY.—In a prosecution for rape it was not error for the court to charge the jury: "If you believe that any witness has willfully testified falsely as to any material fact in the case, you are at liberty to disregard the entire testimony of such witness, except in so far as it may be corroborated by the other evidence in the case."

VIII Ariz.—18

6. APPEAL AND ERROR—CRIMINAL LAW—RAPE—CONFLICT IN EVIDENCE—
   VERDICT—WILL NOT BE DISTURBED—TERRITORY V. MIRAMONTEZ, 4
   ARIZ. 179, 36 PAC. 35; ANDERSON V. TERRITORY, 6 ARIZ. 185, 56
   PAC. 717; DICKSON V. TERRITORY, 6 ARIZ. 199, 56 PAC. 971, FOL-
   LOWED.—Where there is a substantial conflict in the evidence be-
   tween the prosecutrix and the defendant and his accomplice in a
   prosecution for rape, and no attack was made upon the credibility
   of prosecutrix aside from those contradictions, and no motive
   for perjury shown, the verdict will not be disturbed on appeal.

7. CRIMINAL LAW—RAPE—JUROR—PREJUDICE.—Where, after the trial
   and conviction of defendant for rape, one of the jurors stated in a
   street conversation that ''he liked to sit on such cases as a jury-
   man, and that he liked to send such fellows as that over the road,''
   and the said juror on his examination on his *voir dire* had sworn
   that he knew nothing whatever of the case, and was absolutely
   without bias or prejudice in the matter, there is nothing to warrant
   the conclusion that the verdict was influenced by bias or prejudice.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Graham.
F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

W. C. McFarland, for Appellant.

The court erred in that part of its charge in which he told
the jury that complaints by prosecutrix after she got away
from and out of control of defendant were to be taken into
consideration as corroboration of prosecutrix. *State* v. *An-
derson*, 6 Idaho, 706, 59 Pac. 180; *People* v. *Lambert*, 120 Cal.
170, 52 Pac. 309.

There was no evidence introduced in the cause that the
prosecutrix made complaint at or immediately after the date
of the alleged offense. According to her own testimony, it
was about a year afterward. According to the testimony
of another witness, it was not until about seven months after
that complaint was made, though the evidence in the cause
shows that the prosecutrix knew that one Benevedas was at
the time of the alleged offense occupying an adjoining room;
that she saw Benevedas a few minutes after the time she
testifies the offense was committed; that she saw the constable
in the room a very short time after she testifies the assault
was made; that she attended the public schools at Clifton

for about two weeks after the date of the alleged offense, and rode in a wagon from Clifton to Coronado, spent the evening at Coronado with a gang of bridge carpenters, stopped in Duncan for an hour or more, where appellant bought supplies, and a month with her father at El Paso, and some two weeks at Duncan after their return, appellant being absent during this time looking for work. With all these opportunities to make complaint, a large part of the time out of the control and influence of appellant and his wife, it never occurred to her to complain of this outrage until the evening of July 19th, nearly seven months after the date the offense is alleged to have been committed. These facts and circumstances conclusively show that prosecutrix was frequently out of the influence and control of appellant and his wife, and had abundant opportunity to complain to people who would have offered her complete protection, during the seven months that intervened between the date of the alleged offense and the time she made complaint to Mrs. Phillips in Duncan. That she failed to avail herself of any of these opportunities conclusively shows that it was not fear of the defendant and his wife or want of opportunity that caused her to delay for this great length of time in making complaint of the offense charged. *People* v. *Benson,* 6 Cal. 221, 65 Am. Dec. 506; *People* v. *Hamilton,* 46 Cal. 540; *People* v. *Brown,* 47 Cal. 447; *People* v. *Ardaga,* 51 Cal. 371; *People* v. *Hulse,* 3 Hill, 309; *Matthews* v. *State,* 19 Neb. 330, 27 N. W. 234; *Curby* v. *Territory,* 4 Ariz. 371, 42 Pac. 953; *Tway* v. *State,* 7 Wyo. 74, 50 Pac. 188; *State* v. *Baker,* 6 Idaho, 496, 56 Pac. 81.

E. W. Wells, Attorney-General, for Respondent.

The jury may convict of the crime of rape on the uncorroborated testimony of prosecutrix. *Curby* v. *Territory,* 4 Ariz. 371, 42 Pac. 953; *People* v. *Wessel,* 98 Cal. 352, 33 Pac. 216; *Tway* v. *State,* 7 Wyo. 74, 50 Pac. 188; *State* v. *Anderson,* 6 Idaho, 706, 59 Pac. 180.

In considering the charge of the court to the jury, the whole charge taken together should be considered, rather than isolated sentences. *United States* v. *Tenney,* 2 Ariz. 29, 127, 8 Pac. 295, 11 Pac. 472; *People* v. *Clark,* 84 Cal. 573, 24 Pac. 313.

Complaint made by the prosecutrix after commission of the crime and particular marks of violence and other indications, and the facts of the offense, are competent evidence confirmatory of her testimony. 2 Bishop on Criminal Procedure, par. 963.

And the substance of what she said, or the declarations made by her after the commission of the offense, may be given in evidence to corroborate her testimony. The remoteness of such statement and cause therefor are circumstances for the jury to consider in weighing the testimony of prosecutrix. *McComb* v. *State*, 8 Ohio St. 643; *Johnson* v. *State*, 17 Ohio, 593; *Loughlin* v. *State*, 18 Ohio, 99, 51 Am. Dec. 444; *State* v. *DeWolf*, 8 Conn. 93, 20 Am. Dec. 90; *Pleasant* v. *State*, 15 Ark. 624.

DAVIS, J.—The appellant, Walter Trimble, was tried at the October term, 1902, of the district court of Graham County, upon an indictment charging him with the crime of rape. He was convicted and sentenced to imprisonment for life in the territorial prison. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

Three of the trial court's instructions are objected to by the appellant as containing reversible error, the first complained of being as follows: "If you find from the evidence that the prosecuting witness was intimidated by threats of the defendant and his wife from making complaint while she was under their control, and made complaint of the alleged outrage at her first opportunity after getting away from or out of the control of the defendant and his wife, you may consider that fact as a circumstance tending to corroborate the testimony of the witness." It is claimed that by this instruction the court misstated the effect of evidence of the character referred to, and virtually said to the jury that the prosecutrix might be corroborated by her own statements, while the only legal purpose which such evidence could really serve would be to explain her failure to make an immediate complaint, and rebut any unfavorable inference which might otherwise be drawn from her silence. Even were counsel for appellant correct in his criticism, it is difficult to see the importance of the distinction drawn, since rape is not one of the offenses

which requires corroborative evidence, and a conviction thereof,
may be had upon the testimony of the victim alone. *Curby*
v. *Territory*, 4 Ariz. 371, 42 Pac. 953. But complaint of the
outrage by the prosecutrix at the earliest opportunity has
frequently been denominated by the courts as a circumstance
corroborative of her testimony. *Pefferling* v. *State*, 40 Tex.
486; *State* v. *Niles*, 47 Vt. 82; *Baccio* v. *People*, 41 N. Y.
265; *Thompson* v. *State*, 38 Ind. 39; *Laughlin* v. *State*, 18
Ohio, 99, 51 Am. Dec. 444; *State* v. *Mulkern*, 85 Me. 106, 26
Atl. 1017; *State* v. *Sargent*, 32 Or. 110, 49 Pac. 889; *State* v.
*Imlay*, 22 Utah, 156, 61 Pac. 557. The natural instinct of
a female thus outraged and injured prompts her to disclose
the occurrence at the earliest opportunity to some relative or
friend who has interest in her welfare; and the absence of such
a disclosure tends to discredit her as a witness, and may raise
an inference against the truth of the charge. To avoid such
discredit and inference, it is always competent for the prose-
cution to show, as a part of its case, that complaint was made
recently after the commission of the outrage, and this fact
is treated as a circumstance corroborative of the complain-
ant's testimony. *State* v. *Neel*, 21 Utah, 151, 60 Pac. 510.
But mere lapse of time between the perpetration of the act
and the complaint is not the test of its admissibility. As
said by Church, C. J., in a New York case, "Any consider-
able delay on the part of the prosecutrix to make complaint
of the outrage is a circumstance of more or less weight, de-
pending on surrounding circumstances. There may be many
reasons why a failure to make immediate or instant outcry
should not discredit the witness. A want of suitable op-
portunity, or fear, may sometimes excuse or justify a delay.
There can be no universal law on the subject." *Higgins* v.
*People*, 58 N. Y. 377. In connection with the instruction
above quoted, the court below also said to the jury: "The
failure to make a complaint of an offense of this character
within a reasonable time after the commission or alleged com-
mission of such offense can be considered by the jury as a
circumstance tending to discredit the testimony of the prose-
cuting witness, unless the jury believe from the evidence that
such witness was intimidated by threats from making such
disclosure, or was so situated during such time that she had
not an opportunity to do so." Considering the whole in-

struction given upon this point, and its applicability to the evidence, we do not think the jury could have been materially misled by the court's statement of the law.

The following instruction was given by the court: "In this case the prosecution relies for a conviction upon the testimony of Lydia Sparks, the prosecuting witness, and no other witness was called by the territory to testify directly to the time and place or circumstances of the alleged offense; and you are instructed, in cases where the territory relies upon the uncorroborated testimony of the prosecutrix, unsustained by other evidence, or by facts and circumstances corroborating it, that you should view such testimony with great caution, and it is the duty of the court to warn the jury of the danger of conviction on such testimony. You are further instructed that in considering her testimony you may take into consideration the facts and circumstances surrounding the place where the alleged offense is charged to have been committed—all the facts and circumstances at the time and immediately after the alleged offense was committed—in determining the weight of her testimony, and the reasonableness thereof, as tending to show to your minds the credit to be given to the same." This instruction is attacked, but we fail to see wherein it was unfavorable to the appellant, or how it could possibly have operated to his prejudice.

Again, the court charged the jury: "If you believe that any witness has willfully testified falsely as to any material fact in the case, you are at liberty to disregard the entire testimony of such witness, except in so far as it may be corroborated by the testimony of other credible witnesses, or supported by other evidence in the case." It is claimed that this instruction was held to be erroneous in *People* v. *Compton*, 123 Cal. 403, 56 Pac. 45, but an examination of that case fails to sustain the assertion. The instruction there given to the jury was "that you are not at liberty to disregard the testimony of a witness, where you may believe from the evidence that such witness is corroborated by other competent evidence and the circumstances in proof in the case"; and this was condemned as trespassing upon the domain of the jury, who, under the law, were the sole judges of the credibility of the witnesses and of the weight to be accorded to their testimony. Substantially the same form of instruction

as is here complained of has been approved in many cases. *Hoge* v. *People*, 117 Ill. 45, 6 N. E. 796; *Pierce* v. *State*, 53 Ga. 365; *State* v. *Kellerman*, 13 Kan. 133; *Mead* v. *McGraw*, 19 Ohio St. 55; *Jones* v. *People*, 2 Colo. 351; *Senter* v. *Carr*, 15 N. H. 351; *State* v. *Freiderich*, 4 Wash. 204, 29 Pac. 1055, 30 Pac. 328, 31 Pac. 332; *Cameron* v. *Wentworth*, 23 Mont. 70, 57 Pac. 648; *Faulkner* v. *Territory*, 6 N. M. 464, 30 Pac. 905.

The next assignment of error is that the evidence was insufficient to support the verdict. The victim of the defendant's alleged crime was his stepdaughter, a child aged eleven years. Her testimony concerning the use of force, the consummation of the act, and the circumstances attending the offense, was clear and positive. The fact of her subsequent complaint of the outrage, together with additional corroborating circumstances, were testified to by other witnesses. If the jury believed the testimony of the prosecutrix, there was ample proof to sustain every allegation of the indictment. The record discloses no motive for perjury on her part. She was contradicted by the defendant and another person who was at the time under indictment for aiding and abetting in the crime. Aside from this, there was no attack made upon the credibility of the prosecutrix. The jury were apparently convinced of the truthfulness of her story, and disbelieved the testimony of the accused. There existed a substantial and direct conflict in the evidence, and, under a well-established rule, this court will not, upon the ground urged, disturb the verdict. *Territory* v. *Miramontez*, 4 Ariz. 179, 36 Pac. 35; *Hackett* v. *Territory*, 5 Ariz. 251, 52 Pac. 358; *Anderson* v. *Territory*, 6 Ariz. 185, 56 Pac. 717; *Dickson* v. *Territory*, 6 Ariz. 199, 56 Pac. 971.

It is further contended that a new trial should have been granted because one of the jurors was actuated by prejudice against the defendant in the trial of said cause, and had made statements showing that he was disqualified to act as a juror in the case. The juror referred to was James Turner, and an affidavit made by one Charles E. Dallas set forth a street conversation alleged to have been had by him with Turner subsequent to the trial, in the course of which, referring to the case, "affiant said to the said James Turner that that is one case that he (affiant) would not want to sit on, to which

Turner replied that he liked to sit on such cases as a juryman, and that he liked to send such fellows as that over the road." This was the only proof offered in the trial court to support this ground of the motion for a new trial. The record shows that at the impanelment of the jury the following answers, under oath, were made by Turner on his *voir dire* examination: By the district attorney: "Q. Mr. Turner, do you know either of these parties?—A. No, sir.—Q. Have you heard any of the facts in this case?—A. Never heard of it at all.—Q. Have you any opinion as to the guilt or innocence of the accused?— A. No, sir.—Q. Have you any prejudice against or bias in favor of this defendant?—A. No, sir." Cross-examination by defendant's counsel: "Q. Have you ever seen any account of this trouble in the papers?—A. No, sir.—Q. Or talked with any one about it?—A. No, sir.—Q. Or any one talked to you? —A. No, sir.—Q. In fact, you don't know anything about the circumstances of the case?—A. No, sir; I never knew before there was such a case.—Q. Would the fact that one is charged with crime breed in your mind any prejudice against him, or bias in his favor?—A. No, sir.—Q. And you could try one charged with the crime of rape just as you would try one for any other offense?—A. Yes, sir.—Q. And would do it?— A. Yes, sir.—Q. There is no reason, then, why you would not go into the jury-box in this case, and return a fair and impartial verdict according to all the evidence detailed by the witnesses?—A. No, sir.—Q. And you have no bias one way or the other?—A. No, sir." While it would not be surprising, in cases of this character, to occasionally find that passion and prejudice had found its way into the jury-box, there is nothing here presented sufficient to warrant the conclusion that the verdict in this case was influenced by any such feeling, and we think that the motion for a new trial was properly denied.

This disposes of all the errors assigned, and the judgment of the court below is affirmed.

Kent, C. J., and Sloan, J., concur.