[Criminal No. 219.   Filed March 30, 1905.]

[80 Pac. 356.]

JERRY SHEEHY, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—HOMICIDE—EVIDENCE—RES GESTÆ.—Where a witness who was present at a homicide was asked what deceased said immediately after he was shot, and the answer being that he said, "Boys, I am shot," the question was a proper one, it being directed to a statement properly a part of the *res gestæ*, and the answer was admissible, it being directly connected with the main fact, and characterizing and explaining it.

2. EVIDENCE—PROPER QUESTION—ANSWER PARTLY IMPROPER—MOTION TO STRIKE—NECESSITY.—Where a question is proper in form, and a part of the answer thereto is admissible and the remainder of the answer is improper, a motion should be made to strike out the portion of the answer objected to at the time, for the original objection to the question does not go to the point, and, in the absence of such motion, the party cannot successfully urge on appeal a reversal solely on the ground that the court below allowed the original question over objection.

3. SAME—SAME—SAME—SAME—FAILURE TO OBJECT TO SIMILAR QUESTION AND ANSWER.—Where a question proper in form is objected to, and the answer is partly proper and partly improper, and no motion to strike out the improper part is made, and the same question without objection is put to other witnesses and a similar answer is made, appellant cannot be heard to object to the improper portion of said answer for the first time on appeal.

4. TRIAL—INSTRUCTIONS—REQUESTED—COVERED BY CHARGE—REFUSAL PROPER.—Where the court has fully and fairly covered in its charge, in substance, all the points and principles contained in specific instructions, to give the instructions as requested would be an unnecessary repetition, and it is not error for the court to refuse to do so.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

A. C. Baker, and William M. Lovell, for Appellant.

Utterances to be part of the *res gestæ* must be made before there has been time to contrive and misrepresent. This limitation is in fact the subject of most rulings. *Kennedy* v. *Railroad Co.,* 130 N. Y. 656, 29 N. E. 141.

It is perfectly obvious that there is a limit to the time within which said statements must be made in order to be admissible in evidence as part of the *res gestæ.* But if made after the termination of the act to which they refer, they are merely narrative of a past transaction, whether made within a minute or an hour afterwards. *People* v. *Ah Lee,* 60 Cal. 85.

What the law distrusts is not afterspeech but afterthought. *Travelers Ins. Co.* v. *Sheppard,* 85 Ga. 751, 12 S. E. 18.

The declarant must be the spontaneous spokesman of the act, and not the deliberate utterer of an afterthought. *Green* v. *State,* 154 Ind. 655, 57 N. E. 637.

Such statements are received with caution, and only when they are made so recently after the injury and under such circumstances as to place it beyond all doubt that they are not made from design or for the purpose of manufacturing evidence. *State* v. *Ah Loi,* 5 Nev. 101.

One very good reason for excluding such narratives is that the party has had time to deliberate and shade them in his own interest, and may be under strong temptation to do so. *Merkle* v. *Bennington,* 58 Mich. 163, 55 Am. Rep. 666, 24 N. W. 776.

The evidence offered must not have the earmarks of device or afterthought. *Alabama R. R. Co.* v. *Hawk,* 72 Ala. 112, 47 Am. Rep. 403.

If party has had time to consider, and does consider, anticipated litigation, the declaration is not *res gestæ*, but hearsay, and inadmissible. *Jackson* v. *Commonwealth*, (Ky.) 37 S. W. 847.

The transaction must talk through the party, and the inquiry is, Are the facts talking through the party, or the party talking about the facts? If the latter, they are narrative only and inadmissible. 1 Elliott on Evidence, par. 548; *Bradbury* v. *State*, 22 Tex. App. 273, 2 S. W. 592.

The *res gestæ* are the act talking for itself, and not what people say when talking about the act. The words must stand in immediate casual relation to the act, a relation not broken by the interposition of individual wariness seeking to manufacture evidence for itself. *State* v. *Martin*, 124 Mo. 514, 28 S. W. 12.

The declarations must not depend for their truth wholly upon the accuracy and reliability of the deceased and the veracity of the witnesses who testify to them. *Waldele* v. *New York etc. R. R. Co.*, 95 N. Y. 274, 47 Am. Rep. 41; *United States* v. *Angell*, 11 Fed. 34. See, also, *Lund* v. *Inhabitants of Tynsborough*, 9 Cush. 36; *Little Rock Elec. Co.* v. *Nelson*, 66 Ark. 494, 52 S. W. 7; *Conlon* v. *Grace*, 36 Minn. 276, 30 N. W. 880; *People* v. *Davis*, 56 N. Y. 95; *Louisville R. R. Co.* v. *Pearson*, 97 Ala. 211, 12 South. 176; *National Masonic Assn.* v. *Shyrock*, 73 Fed. 774, 20 C. C. A. 3.

If improper evidence is offered by the state in a criminal case, the court should exclude it, whether proper objections on behalf of the defendant are or are not made; and it has been held that even in a civil proceeding, when the irrelevancy and incompetency of the evidence are at once apparent, there is no good reason for the rule requiring specific objections to the testimony. *State* v. *O'Connor*, 65 Mo. 374, 27 Am. Rep. 291.

Where evidence is absolutely incompetent, a general objection to it is sufficient. *People* v. *Gordon*, 99 Cal. 227, 33 Pac. 901; *State* v. *Prendible*, 165 Mo. 329, 65 S. W. 559.

It is not necessary to repeat objection to testimony of the same class already objected to and coming from other witnesses. *Boatwright* v. *People*, 42 Tex. Crim. 442, 60 S. W. 760; *Graves* v. *People*, 18 Colo. 170, 32 Pac. 63; *People* v. *Melvane*, 39 Cal. 614; *People* v. *Castro*, 125 Cal. 521, 58

Pac. 133; *People* v. *Mullings,* 83 Cal. 138, 17 Am. St. Rep. 223, 23 Pac. 229; *Gilpin* v. *Gilpin,* 12 Colo. 504, 21 Pac. 612; *Dilliber* v. *Home Life Ins. Co.,* 69 N. Y. 256, 25 Am. Rep. 182.

A general objection to evidence incompetent for any purpose is sufficient to authorize its review on appeal. *Beard* v. *American Car. Co.,* 63 Mo. App. 382.

A general objection to evidence is sufficient where the evidence objected to was in its nature inadmissible, and where the ground of the objection could not have been misunderstood. *Tozer* v. *New York Central R. R. Co.,* 105 N. Y. 659, 11 N. E. 846. See, also, *Cheatum* v. *Riddle,* 8 Tex. 162.

J. H. Kibbey, Attorney-General, for Respondent.

KENT, C. J.—The defendant (the appellant here) was indicted for murder, and, on the trial, convicted of manslaughter. The homicide was not denied, but it was claimed by the defendant that it was done in self-defense.

It is urged on this appeal that the trial court erred in permitting certain testimony to be given, which it is claimed was prejudicial to the defendant. It appears from the evidence that the deceased and the defendant, who were traveling together, each on horseback and both armed, just before the homicide had an unfriendly discussion over some differences between them, and that the deceased struck at the defendant with his hand or fist. Thereupon the defendant pulled his gun and shot twice at the deceased, inflicting wounds from which the deceased thereafter died. There was no testimony by any witness that the deceased actually drew his weapon, and most of the witnesses who saw the occurrence testified that they did not see the deceased make any attempt to do so; but there was some testimony on the part of the defendant that the deceased reached for his weapon, as if to draw it, just before the defendant shot at him. It is urged that the court erred in permitting the witnesses Parker, Bland, and Roth, who saw the occurrence, to give certain testimony. The assignments of error in respect to such testimony are as follows:

1. The court erred in permitting the witness Parker to testify, over the objections of the appellant, on behalf of the prosecution, as follows: "Q. Did you hear Dick [now de-

ceased] say anything?—A. Yes, sir.—Q. What did he say?—
A. He just said— *Judge Lovell:* We object to that. *By the
Court:* Overruled. (Exception.) Q. What did he say?—
A. He [deceased] says, 'Boys, I am shot.' He asked us to get
a doctor, and said, 'You boys saw I didn't attempt to draw
my gun.'—Q. Repeat that a little louder.—A. He says, 'Boys,
you all saw I didn't attempt to draw any gun.' *By the
Court:* When was that? *Mr. Ives:* Q. How long after the
shooting did you hear Dick make that remark?—A. It was
right away—just as soon as I got to him.—Q. You rode up
immediately after he fell?—A. Yes, sir."

2. The court erred in permitting the witness Bland to tes-
tify on behalf of the prosecution as follows: "Q. What did
you do after you saw Dick [deceased] fall from his horse?
—A. I went to him.—Q. Did he [deceased] say anything that
you heard?—A. Yes, sir.—Q. What did he say?—A. He said
he was shot, and he hadn't—I think he said he didn't know
where; and he said, 'I feel a burning sensation.'—Q. Did he
say anything else?—A. He said, 'You boys all seen I didn't
try to pull no gun,' or something like that—'pull no gun'—
something to that effect."

3. The court erred in permitting the witness Roth to testify
on cross-examination as follows: "Q. What did Dick [de-
ceased] say?—A. Dick [deceased] said, 'You seen I made no
attempt to draw my gun.' "

The question sought to be raised by appellant's counsel is
a very interesting one,—namely, whether the statement made
by the deceased that he "did not attempt to draw his gun,"
though made almost immediately after the shooting, and thus
in point of time so closely identified with the occurrence, comes
within the exception to the rule as to hearsay testimony, so
as to make testimony that such statement was made admissible
in evidence. The statement was not made as a dying dec-
laration, and it is claimed by counsel for the appellant that
the testimony is inadmissible because it was in no manner
connected with or illustrative of the main fact, to wit, that the
deceased was shot, and was not only the statement of an in-
dependent and collateral fact not illustrative of the shooting,
and hence not admissible, but that the nature of the remark
shows that it was self-serving, and the deliberate utterance
of an afterthought, and hence, in any view, not admissible.

IX Ariz.—18

The question is a close and interesting one, but it is not necessary for us to determine whether or not the contention of the appellant is correct, for the state of the record precludes us from reversing the judgment, even if the testimony was hearsay or improper.

As to the first assignment of error, respecting the testimony given by the witness Parker, it is clear that the question objected to, to wit, "What did he say?" was a proper one—it being directed to a statement properly a part of the *res gestæ*—and the objection to the question was therefore properly overruled. Likewise, in any view, as to the admissibility of the concluding part of the answer, the first portion thereof, to wit, "He says, 'Boys, I am shot,' " was clearly admissible; it being directly connected with the main fact, and characterizing and explaining it. Such portion of the answer being clearly proper, if the last part of the answer, to wit, "You boys saw I did not attempt to draw my gun," was objectionable, a motion should have been made to strike it out, and the jury told to disregard it. No such motion, however, was made, and no suggestion made to the court that this portion of the answer was sought to be excluded. Where a question is proper in form, and a part of the answer thereto is admissible, and the remainder of the answer is improper, a motion should be made to strike out the portion of the answer objected to at the time, for the original objection to the question does not go to the point, and, in the absence of such motion, the party cannot successfully urge in this court a reversal of the judgment on the ground solely that the court below allowed the original question over objection. Furthermore, the record shows that no claim was made in the court below that evidence of the statement now objected to was improper, for, when the witnesses Bland and Roth were interrogated as to the statement made by the deceased, and each gave substantially the same answer as the witness Parker, although counsel knew from the former testimony what the answers would in all probability be, no objection or motion of any kind, either to the questions as asked or the answers as given, was made; and although the appellant now, by his second and third assignments, attempts to predicate error in regard to the giving of this testimony, he cannot be heard in this court for the first time to urge objections thereto, and ask for a

reversal of the judgment for error in the court below that was not committed.

The remaining assignments relate to the refusal of the court below to give, as requested, a large number of instructions to the jury. We find that the instructions requested were all fully covered by the charge the court gave upon its own motion. Where the court has fully and fairly covered in its charge, in substance, all the points and principles contained in specific instructions, to give the instructions as requested would be an unnecessary repetition, and it is not error ·for the court to refuse to do so.

The judgment of the district court is affirmed.

SLOAN, J., and DOAN, J., concur.

Note: As to how near the main transaction declarations must be made in order to constitute. part of the *res gestæ,* see note to *Ohio and M. R. Co.* v. *Stein,* (Ind.) 19 L. R. A. 733.