[Criminal No. 234.   Filed March 22, 1907.]

[89 Pac. 412.]

## WILLIAM HENRY PRIOR, Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. EVIDENCE —WITNESS—CREDIBILITY.—An instruction that "If you believe that any witness has willfully sworn falsely to any material fact, . . . then you have the right to wholly disregard his testimony, except in so far as his statements may be corroborated by other credible evidence in the case," was not error.

2. CRIMINAL LAW—EVIDENCE—ACCUSED AS WITNESS—CREDIBILITY—CHARGE TO JURY.—It is not error for the court to charge the jury in a criminal case, where the accused has testified in his own behalf, that "in determining the credit to be given his testimony you may consider the very great interest he must have and feel in the result of this case," where the instruction in no wise adverts to the nature or extent of the testimony given by the accused or comments thereupon.

3. EVIDENCE—CRIMINAL LAW—REASONABLE DOUBT—CHARGE TO JURY.—In a criminal case the court properly refused to charge the jury, "If the evidence in this case leaves in the mind of the jury any doubt as to the guilt of the defendant," it was their duty to acquit.

4. SAME—SAME—SAME—SAME.—In a criminal case the court properly refused to charge the jury, "If, after a fair and complete con-

sideration of all the facts, the guilt of the accused should in any manner remain in doubt," they should acquit.

5. TRIAL—INSTRUCTIONS TO JURY—REFUSAL—WHEN PROPER.—Requested instructions on behalf of the defendant in a criminal trial are properly refused where all the points contained therein have been fully covered by the court in its general charge.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Graham. Frederick S. Nave, Judge. Affirmed.

The facts are stated in the opinion.

E. J. Edwards, for Appellant.

The instruction given by the court as to the effect, weight and credibility of the testimony of the defendant in his own behalf was erroneous, and prejudicial to the defendant. See *People* v. *Maughs,* 149 Cal. 253, 86 Pac. 187; *State* v. *Webb,* 6 Idaho, 428, 55 Pac. 893; *Chambers* v. *People,* 105 Ill. 416; *Sullivan* v. *People,* 114 Ill. 24-27, 28 N. E. 381; *Reagan* v. *United States,* 157 U. S. 310, 15 Sup. Ct. 610, 39 L. Ed. 709.

E. S. Clark, Attorney General, for Respondent.

KENT, C. J.—The only errors assigned in this case relate to certain instructions given by the court to the jury in the charge of the court, and the refusal to give certain instructions requested by the defendant.

The first instruction given by the court that is complained of is as follows: "If you believe that any witness has willfully sworn falsely to any material fact in the case, then you have the right to wholly disregard the testimony of such witness, except in so far as his statements may be corroborated by other credible evidence in the case." This instruction was not error, and a similar one has heretofore been upheld by this court. *Trimble* v. *Territory,* 8 Ariz. 273, 71 Pac. 932.

The second instruction complained of was as follows: "The defendant has offered himself as a witness in his own behalf. The statute gives him that right, and you should consider his testimony as you would that of any other witness. However, in determining the credit to be given to his testimony, you may consider the very great interest he must have and feel in the result of this case, and the effect which a verdict

would have upon him, and determine to what extent, if any, such interest may color his testimony or affect his credibility. If his statements be convincing and carry with them belief in their truth, you have the right to receive and act upon them; if not, you have the right to reject them.'' Such an instruction, where it in no wise adverts to the nature or the extent of the testimony given by the defendant or comments thereupon, is not erroneous, and has been heretofore upheld by this court. *Halderman* v. *Territory,* 7 Ariz. 120, 60 Pac. 876.

The instructions asked for and refused were properly refused by the court. In one, the court was asked to instruct the jury that, ''If the evidence in this case leaves in the mind of the jury any doubt as to the guilt of the defendant,'' it was their duty to acquit; and in another, ''If, after a fair and complete consideration of all the facts, the guilt of the accused should in any manner remain in doubt,'' they should acquit. Obviously, these instructions as requested ignored the question of reasonable doubt, and did not correctly state the law. The court in its charge gave proper instructions as to the duty of the jury to acquit the defendant unless his guilt was proved beyond a reasonable doubt, and fully protected his rights in that respect. The remaining instruction asked for by the defendant we find was fully covered by the court in its charge, and in nearly the identical language as asked. It was not necessary for the court to repeat the instruction, and its refusal to do so was not error. *Sheehy* v. *Territory,* 9 Ariz. 269, 80 Pac. 356; *Elias* v. *Territory,* 9 Ariz. 1, 76 Pac. 605.

The judgment of the district court is affirmed.

SLOAN, CAMPBELL, and DOAN, JJ., concur.