[Criminal No. 280.   Filed April 2, 1910.]

[108 Pac. 225.]

WALTER ATKIN, Defendant and Appellant, v. TERRI-
    TORY OF ARIZONA, Respondent.

1. INDICTMENT AND INFORMATION — LANGUAGE OF STATUTE — SUFFI-
    CIENCY.—Where the charging part of an indictment is in the lan-
    guage of the statute, it is sufficient.

2. MALICIOUS MISCHIEF—INJURY TO PIPE-LINE — INSTRUCTIONS.—In a
    prosecution for maliciously injuring a pipe-line, it was not error to
    refuse to charge that before the jury could convict they must find
    that a material injury to the pipe-line was effected by the defend-
    ant, where the court in the general charge instructed the jury that
    the act done by defendant must have rendered the pipe-line ineffect-
    ive in whole or in part, before they could convict, since to render
    the pipe-line ineffective was to cause a material injury.

APPEAL from a judgment of the District Court of the
Fourth Judicial District, in and for the County of Yavapai.
Richard E. Sloan, Judge.   Affirmed.

A. L. Hammond, for Appellant.

John B. Wright, Attorney General, for Respondent.

PER CURIAM.—The appellant seeks to raise the question
of the sufficiency of the indictment by assigning error in the
trial court refusing defendant's request for a peremptory in-
struction to return a verdict of "not guilty," for the reason
that the indictment failed to allege a crime, and by assigning
error in the overruling of the defendant's motion for new
trial; that the court erred in permitting testimony to be in-
troduced over the objection of defendant that the indictment
failed to state acts sufficient to constitute a public offense.
No demurrer was interposed to the indictment.   The charging
part of the indictment is in the language of the statute, which
is all that is essential to sustain the rulings of which complaint
is here made.

The only other assignment of error argued by the appel-
lant is alleged error in the failure of the trial court to give
defendant's fourth requested instruction: "Before you can

convict you must find from the evidence that a material injury to the pipe-line was effected by the defendant." An examination of the instructions given discloses that this question was fully and fairly presented in the general charge, wherein the trial court instructed the jury that the act done by the defendant must have rendered the pipe-line ineffective in whole or in part before they could return a verdict of guilty. To have rendered the pipe-line ineffective even in part was to cause a material injury thereto. There was no duty imposed to give an instruction in the exact language of the defendant's request.

The judgment of the trial court is affirmed.