[Criminal No. 799. Filed April 2, 1934.]

[30 Pac. (2d) 1057.]

H. D. MIDKIFF, Appellant, v. STATE, Respondent.

Mr. R. C. Stanford, Sr., Mr. R. H. Walker, Mr. Fred Bolen, Mr. R. H. Brumback and Mr. Jacob Morgan, for Appellant.

Mr. Arthur T. La Prade, Attorney General, Mr. P. H. Brooks, Assistant Attorney General, and Mr. Renz L. Jennings, County Attorney, for the State.

ROSS, C. J.—The defendant, Midkiff, was prosecuted and convicted under an information filed in the superior court of Maricopa county, on May 5, 1933, by the county attorney, in words and figures (omitting the formal parts) as follows:

"The said H. D. Midkiff on or about the 24th day of February, 1933, and before the filing of this in-

formation at and in the County of Maricopa, State of Arizona, did then and there wilfully, unlawfully and knowingly pretend, represent, and hold himself out to one Zack Durham as practicing, and entitled to practice law in the courts of record of the State of Arizona, he, the said H. D. Midkiff, not then and there being a licensed attorney at law in the State of Arizona.''

The defendant filed a motion to quash the information for the reason that he had not been committed by any magistrate. He also demurred to the information upon the ground that it does not state a public offense; that it is indefinite in that it fails to state how defendant pretended or represented or held himself out to Durham as practicing or entitled to practice law, whether in writing, by advertising, spoken word or action or pantomime, or by the imagination of said Durham. The motion to quash and the demurrer being overruled, the defendant pleaded not guilty.

The jury, consisting of twelve men drawn from the regular panel and accepted without objection or challenge as to the manner of drawing or their qualifications, after hearing the evidence, rendered a verdict of guilty, and thereafter, on June 17, 1933, the defendant was sentenced by the court to serve sixty days in the county jail and to pay a fine of $100, or in default thereof to serve one hundred days' imprisonment, at the rate of $1 per day.

On June 19, 1933, defendant filed and served a notice of appeal.

The defendant states sixteen reasons for his appeal. We will not discuss some of them, either because they are clearly trivial and without merit or because they are grounded upon what happened in and outside of the court after the appeal was taken; and for that reason can in no way affect the issues on this appeal.

It is first asserted that section 4568 of the Revised Code of Arizona of 1928, under which defendant was tried and convicted, was repealed by chapter 66, Session Laws of 1933, which became effective before sentence was imposed. Section 4568 is one of several sections of chapter 102 of the Code (section 4531 et seq.) defining crimes against public justice and providing punishments therefor. These provisions, and especially those of section 4568, have for their purpose the securing of the purity of the administration of the law. Chapter 66, Session Laws of 1933, is an act incorporating the bar of the state and making it an inclusive self-governing body. It does not define the crime with which defendant is charged. Section 51 thereof makes it unlawful for certain persons to practice law in the state, but the whole context of the act shows that it was not to be operative until after the state bar was organized, which was some time after defendant was convicted and sentenced. If, however, it were possible to construe chapter 66 as repealing section 4568, *supra,* the defendant should be punished under the law as it existed at the time he committed the crime. This is what our statutes provide. Sections 5308, 5309, Rev. Code Ariz. 1928, and cases cited thereunder.

In one breath defendant contends the information does not state a public offense and in another that it states two offenses. The pertinent portion of section 4568, defining the offense with which he is charged, reads as follows:

" . . . Every person, other than a licensed attorney at law, who advertises or holds himself out as practicing or entitled to practice law in any court of record, is guilty of a misdemeanor."

A comparison of the language of the information with the wording of the statute shows that they are substantially the same. This is all that is required,

especially where the offense is statutory, as here. *Branham* v. *State,* 33 Ariz. 170, 263 Pac. 1; *Thompson* v. *State,* 25 Ariz. 314, 216 Pac. 1074; *Cluff* v. *State,* 16 Ariz. 179, 142 Pac. 644; *Atkin* v. *Territory,* 13 Ariz. 26, 108 Pac. 225.

The acts enumerated in the statute, separately or together, constitute the crime, and, that being so, it is well settled that an information describing the crime may charge its commission by one of the two acts or both, for the reason that, notwithstanding each act may, by itself, constitute the offense, all of them together do no more, and likewise constitute one and the same offense. 14 Cal. Jur. 61, §§ 48, 49.

The verdict found "the defendant guilty of holding himself out as practicing or entitled to practice law in the Courts of Record of this State, not being a licensed attorney."

It is contended that this verdict is fatally bad because it cannot be told therefrom whether the jury found defendant guilty of holding himself out as practicing or holding himself out as entitled to practice law. It would have been better if this verdict had used the conjunctive rather than the disjunctive to describe the guilt of defendant, but it is said:

"A verdict is sufficient where a judgment properly rendered on it will bar another prosecution for the same offense." 16 C. J. 1099, § 2580.

We think there can be no question but that a plea of former conviction would certainly bar any other prosecution for the offense described in the information.

Defendant contends there was no evidence upon which to convict him. The state's evidence shows the following facts: That on or about February 22, 1933, one Ralph Durham, a negro boy and the son of Zack Durham, the prosecuting witness, was arrested upon a charge of an assault with a deadly weapon;

that two days later defendant called upon Zack Durham, the accused boy's father, and stated that he was an attorney at law and that he had heard. that Durham was in trouble and that he would take the case to defend the boy for $150. Defendant agreed in writing to defend the boy in all courts, including the Supreme Court, for that fee. Defendant took Durham's note for the $150 fee and collected part of it. Defendant further told Durham that he was a big corporation lawyer and mentioned that he had won two or three big cases for persons in Phoenix. After defendant secured Durham's note for $150, he arranged for bondsmen for the boy and personally drew two mortgages to secure the bondsmen. When Ralph Durham's case was set down for hearing in the superior court, the defendant, making excuses that he had other engagements, told Zack Durham that he had secured another lawyer to represent the boy, and thereafter in the course of the boy's trial a licensed attorney did represent him.

We think there can be no question of the truthfulness of this evidence or of its sufficiency to support defendant's conviction.

A great deal of defendant's brief is devoted to a contention that the jury was not properly drawn or selected, but no objection was made to the panel or to any individual juror at the time it was impaneled. We think the universal rule is properly stated in 35 Corpus Juris 368, section 405, as follows:

"A party by failing to challenge or object waives any irregularity in the selection of the jury list or panel, or in the drawing or summoning of the jury."

The other assignments are either academic or abstract.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.