222 P.2d 637

**STATE v. PARSONS.**

No. 1002.

Supreme Court of Arizona.

Oct. 2, 1950.

Croaff & Croaff, of Phoenix, for appellant.

Fred O. Wilson, Attorney General, Chas. Rogers, Assistant Attorney General, and Douglas Clark, Deputy County Attorney, Phoenix, for appellee.

UDALL, Justice.

Defendant Elmer Merle Parsons, age 23, was convicted upon two felony counts, to wit: Burglary (first degree) and grand theft, and was thereafter sentenced by the court to serve not less than three nor more than four years in the state penitentiary on each count. The sentences, however, were to run concurrently. From the judgments of conviction and the orders of the court denying his motions for a new trial and in arrest of judgment, this appeal was taken.

The facts, briefly stated in the light most favorable to sustaining the convictions, are that defendant had interrupted his journey by air to Pittsburgh, stopping over in Phoenix late Saturday evening to visit with friends. He stayed with them Saturday night, and late Sunday afternoon he began drinking, continuing this until 10 p.m. at which time he parted from his acquaintances. Later that same night he broke the padlock from a trailer house (which was being used by the owner as an office for his used car business) at 1757 West Van Buren Street in Phoenix. Defendant, according to his own admissions, entered same to procure the keys to cars standing on the lot. One of these keys fitted a 1948 Mercury coupe, which he then proceeded to drive away. Shortly thereafter defendant drove to the Greyhound bus depot where he got his luggage from a locker.

Discovering that the car he was driving had no license plates and but little gasoline, he took plates from a parked car, wired them onto the Mercury coupe, and then proceeded to break into a service station at 3751 East Van Buren to obtain some gasoline. The resultant noise attracted attention and defendant fled in the Mercury towards the town of Tempe, about nine miles east of Phoenix, pursued by the station operator. He eluded his pursuer but in doing so badly wrecked the car. He was later apprehended about 2 a.m. in the car by a Tempe policeman. During that day he gave a signed statement to a deputy sheriff admitting these facts. This statement was admitted in evidence.

At the trial his only defense was that he was in an "alcoholic fog" and had a very indefinite recollection of the occurrences on the evening in question and was therefore incapable of forming a criminal intent to commit the crimes charged.

By reason of the faulty arrangement of his brief, it has been extremely difficult to follow the defendant's assignments of error and the legal points relied upon. Nevertheless, we shall consider the discernible errors in such order as seems advisable.

The first count of the information charged that defendant "* * * did then and there in the night-time enter *trailer house* of one L. A. Wolford * * * with the intent then and there to commit the crime of larceny." (Emphasis supplied.) The defendant moved to quash this count of the information upon the ground that it did not charge a public offense under Sec. 43-901, ACA 1939, which defines burglary as follows: "Every person who enters any building, dwelling-house, office, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, garage, tent, vessel, or railroad car with intent to commit grand or petit larceny or any felony; * * * is guilty of burglary. * * *"

Thereupon the court permitted the county attorney to amend the information by striking out the words "trailer house" and

substituting the word "office" therefor, after which the motion to quash was denied.

■ It is urged that the court erred in permitting this amendment and in denying the motion to quash, it being claimed that the amendment did not correct the defect. We hold there is no merit to either contention. Sec. 44-748, ACA 1939, expressly authorizes the court at any time to cause an information to be amended and further provides that no appeal shall be sustained upon this ground unless the defendant was in fact prejudiced by permitting such amendment, and there is no claim here of any prejudice to the substantial rights of the defendant.

■ Unquestionably the burglary count of the information charged a public offense in the words of the statute. This was sufficient. Sec. 44-711, ACA 1939; Atkin v. Territory, 13 Ariz. 26, 108 P. 225; Ford v. State, 21 Ariz. 567, 192 P. 1117; Brown v. State, 25 Ariz. 518, 220 P. 225; Adkins v. State, 42 Ariz. 534, 28 P.2d 612; 9 Am. Jur., Burglary, Sec. 50. The fact that the proof shows that the "office" in question was a stationary "trailer on wheels," with the wheels embedded in the ground, does not deprive it of protection under the burglary statute. Webster's International Dictionary (2d ed.) defines an "office" to be the "place where a particular kind of business or service for others is transacted * * *." See also Anderson v. State, 17 Tex.App. 305, 310, and Houston

v. Kirschwing, 117 Colo. 92, 184 P.2d 487.

Another assignment alleges error in the court's refusal to permit an answer to a material question. On re-direct examination the defendant was asked this question by his counsel: "Q. Mr. Parsons, did you at any time intend to take this man's car?"

■ The county attorney objected and his objection was sustained, upon the ground that the question had been previously asked and answered by defendant on his direct examination and that the matter had not been gone into on cross examination by the prosecutor. The record bears out this objection and hence under the circumstances there was no error in sustaining it. There was already before the jury the defendant's statement as to his lack of felonious intent to deprive the owner permanently of his car. He was not entitled at this stage to re-emphasize this matter.

There are three assignments of error dealing with instructions given or refused. The trial court gave the following stock instruction on the credibility of witnesses: "Now, you, ladies and gentlemen of the jury are made the sole judges of the evidence in this case, and you are also the sole judges of the credibility of the witnesses in the case. In determining the credit to be given to the witnesses, you have a right to consider their demeanor and appearance while giving their testimony, and their

means of knowledge, any interest or motive which they may have, if shown, and the probability or improbability of the truth of their several statements when considered in connection with the other evidence in the case; and if you believe that any witness has wilfully sworn falsely to any material fact in the case, you have the right to wholly disregard the testimony of such witness, except insofar as his statements may be corroborated by other credible evidence in the case."

█ Defendant contends this instruction constituted a comment upon the evidence and hence was violative of Art. 6, Sec. 12 of the Arizona Constitution. He particularly objects to that portion of the instruction dealing with the rule "falsus in uno, falsus in omnibus." The giving of varied instructions based upon this maxim has given rise to many diverse appellate decisions. See 23 C.J.S., Criminal Law, § 1259, and cases cited in footnotes. The part of the instruction most strenuously objected to was held not to be error by this court in Prior v. Territory, 11 Ariz. 169, 89 P. 412, and more recently in Singh v. State, 35 Ariz. 432, 280 P. 672, 67 A.L.R. 129. A similar instruction was upheld in Trimble v. Territory, 8 Ariz. 273, 71 P. 932. The instruction heretofore set forth correctly and fairly states the law respecting the credibility of witnesses, and we hold that it is not a comment on the evidence. There is no merit to the assignment.

Next the defendant alleges error in the court's refusal to give his proposed instructions dealing with the matter of intent to commit the two offenses charged, i.e., burglary and grand theft. Under these proposed instructions the jury would have been advised that before they could convict of burglary, they must find "that the defendant had the specific intent to commit the crime of theft or larceny therein, that is to steal some property therein with the *specific* intent to *permanently* deprive the owner of such property." (emphasis supplied) and as to the grand theft charge "that the defendant had the *specific* intent to permanently deprive the owner of said property." (Emphasis supplied.)

The court in instructing the jury read to them the statutory definitions of burglary and theft, and in addition thereto instructed them: "Now, as provided by statute, the gist of the offense is the entering of a room with intent to commit grand or petit larceny, and before you can find the defendant guilty of burglary, you must find that, if he did enter the room or the apartment where the property was, he did it with the intent to commit grand or petit larceny, not particularly to steal the property which it is claimed in this case he did steal, but that he had the intent formed when he entered the room to commit the larceny of some property." Elsewhere in the instructions the court stated: "The court instructs the jury that if you do not find under Count

.2 of the information, that the defendant at the time of the taking of the automobile in question had the specific intent to permanently deprive the owner of such property, but if you do find the defendant took and drove away said automobile without the consent of the owner, you may find the defendant guilty of driving away said motor vehicle without the consent of the owner * * *." The court also instructed them: "In every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence. The intent or intention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused, and all persons are of sound mind who are neither idiots, lunatics nor affected with insanity." See Sec. 43-111, ACA 1939.

■ Although the requested instructions may perhaps have stated the law more succinctly, still, taking the instructions as a whole, the content of the requested instructions was adequately covered in those given by the court. This we hold was sufficient and there was no prejudicial error in refusing to give the proffered instructions.

■ Similarly, complaint is made of the court's refusal to give defendant's requested instruction (taken from Reid's Branson Instructions to Juries, Vol. 5 (supp.) Sec. 3406) relative to the effect of drunkenness on the matter of intent. While we shall not set out this lengthy instruction haec verba, suffice it to say that this important phase of the case was, we hold, adequately covered by the following stock instruction concerning this matter of intoxication and its effect on criminal intent. The jury were instructed that: "No act committed by a person in a state of voluntary intoxication is less criminal by reason of his being in such a condition. In that connection, you are instructed that voluntary drunkenness is never a defense to crime, and no act committed by a person in a state of intoxication is less criminal by reason of having been done when in such condition, but when the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time of determining the purpose, motive or intent with which he committed the act." For a treatise on the subject see: 4 Cal.Jur., Sec. 6, p. 721 and 23 C.J.S., Criminal Law, § 1201. See also Sec. 43-112, ACA 1939.

The court, acceding to the defendant's request, instructed the jury that if they did not find the defendant guilty of grand theft under Count II of the Information, they might bring in a verdict of guilty of driving said motor vehicle without the consent of the owner, which is made a misdemeanor under Sec. 43-5508, ACA 1939. This was done doubtless upon the theory that this misdemeanor was an included lesser offense and that the evidence warranted its submission.

The court after submitting three sets of verdicts (guilty and not guilty of the two felonies and the misdemeanor) concluded by inadvertently instructing the jury as follows: *"I must advise you this, that in any event you will return three verdicts * * * I might explain to you that you have to find a verdict on each charge, either guilty or not guilty. Now, is that understood? So that will mean that you will return three verdicts into court. You will find a verdict on each charge that I have given you, you will find either guilty or not guilty."* (Emphasis supplied.)

The jury returned three guilty verdicts. However, before sentence was imposed the trial court for some unexplained reason struck the verdict of the jury as to the misdemeanor.

Defendant challenges by appropriate assignment of error (1) the court's instruction that the jury must in any event return three verdicts, (2) the striking of the verdict of guilty of the misdemeanor.

■■ Obviously the court was in error in advising the jury that they must agree upon a verdict. No juror need surrender his conscientious views as to a defendant's guilt or innocence so that a verdict may be reached. It is well known that frequently juries are unable to agree upon the unanimous verdict required in criminal cases and are discharged, such action resulting in a mistrial. However, it does not necessarily follow that this slip constitutes reversible error, for instructions must be considered as a whole and viewed in the overall light with the attendant circumstances.

Elsewhere in the instructions the court had clearly indicated the possibility of the jury's not reaching an agreement, when it said: "* * * in arriving at a verdict in this case, *if you can do so."* (Emphasis supplied) and after referring to the duty to appoint a foreman, said: "* * * who will sign any verdict *at which you may arrive."* (Emphasis supplied.)

■ The case was submitted to the jury at 5:50 p.m. and counsel stipulated for a sealed verdict to be returned the following morning providing a verdict was reached subsequent to 9:30 p.m. Actually the verdicts were returned into open court at 8:35 p.m. some two hours and 45 minutes after submission of the case. We are of the view that the challenged instruction, which of course should not have been given, of itself, while somewhat confusing, did not constitute coercion so as to invalidate all verdicts solely upon that score. The record does not bear out the contention that the jury was actually coerced into reaching a verdict.

■ On the other hand under the record in this case, we are convinced that the misdemeanor verdicts were improperly submitted to the jury. A verdict may be rendered for an offense different from that charged only if it is included in the offense charged. Sec. 44-1923, ACA 1939; 23 C.J.S., Criminal Law, § 1400.

Is the misdemeanor here an included lesser offense of grand theft so that a verdict could be properly rendered upon it? We submit that a careful analysis of the two crimes will show that it is not. Grand theft requires a specific felonious intent to deprive the owner permanently of his property. Hurley v. State, 22 Ariz. 211, 196 P. 159; Impson v. State, 47 Ariz. 573, 58 P.2d 523, whereas the specific intent required for the misdemeanor of using a vehicle without the consent of the owner is the intent at the time of taking "of temporarily using or operating the same". People v. Bailey, 72 Cal.App.2d Supp. 880, 165 P.2d 558, 560.

In the California case of People v. Tellez et al., 32 Cal.App.2d 217, 89 P.2d 451, 452, it is stated: "That section (499b of the Penal Code from which Arizona's Sec. 43-5508, ACA 1939 was taken) makes it a crime for any person to take any automobile for the purpose of temporarily using or operating it without the permission of the owner. It is clearly intended to prevent unauthorized 'joy riding' in other people's automobiles. *It defines a crime separate and distinct from and not necessarily related to theft."* (Emphasis supplied.)

It is evident then that these crimes cannot co-exist. The intent required in grand theft negatives the existence of the intent which must exist for the misdemeanor and vice versa.

"A verdict finding accused guilty on each of several counts may be inconsistent. Where accused is convicted on two counts relating to the same act, transaction, or event, the test is, could he be guilty of both." 23 C.J.S., Criminal Law, § 1403.

Here, if defendant had been charged with the misdemeanor in addition to the felony charge of grand theft, he could have been convicted of either one or the other but not both. It was clearly error then for the trial court to instruct the jury as to the misdemeanor charge and to submit the misdemeanor verdicts. These errors have cast such a cloud upon the conviction for grand theft that we hold the felony verdict of guilty upon that count cannot stand and the judgment and sentence pronounced thereon must be vacated and set aside.

The conviction on the burglary charge, however, stands unaffected. The defendant admitted having worked in a used car lot, and that he knew the keys to the cars standing upon the lot were kept in the office. It was to procure these keys, petit larceny in and of itself, that he burglarized the stationary trailer house which was being used as an office. It was wholly immaterial whether or not the jury found the defendant intended to steal the car he took or merely took it for the purpose of joy riding, for in either event he was guilty of burglary. The jury having found upon competent evidence and under proper instructions that breaking into the office was done with the intent to commit either grand or petit larceny the judgment is affirmed as

to the burglary conviction but reversed and remanded for a new trial as to the grand theft charge.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCiNI, JJ., concur.