484 P.2d 229

**STATE of Arizona, Appellee,**

v.

**James MARTINEZ GARCIA, Appellant.**

**No. I CA-CR 247.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 28, 1971.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

DONOFRIO, Judge.

This is an appeal by defendant James Martinez Garcia from a jury conviction of the crime of Grand Theft (auto) and from the judgment and sentence thereon of three to five years in the State Prison.

Defendant in his brief assigns six areas wherein the court or the prosecutor has committed prejudicial error. We shall treat the one issue which we believe crucial and dispositive of this appeal, that issue being whether there was prejudicial error in the manner in which the court instructed the jury on the necessary element of intent in grand theft.

Briefly, the facts are that the owner of a 1956 automobile parked his car on Newton's Prime Rib parking lot at 9th and Van Buren Streets in Phoenix around 5:00 p. m. on January 24, 1967. When the owner returned to the parking lot approximately 45 minutes later the automobile was missing. About 8:30 that evening defendant was arrested while driving the car in company with another person in the vicinity of Central Avenue and Coronado Road. During the State's case-in-chief an officer testified that defendant had related to him that he (defendant) borrowed the car from a Caucasion male known only as Mike with whom he was drinking at the Golden Nug-get Bar, 300 E. Washington Street; that defendant drove around that part of town a little and then picked up a person in the downtown area; and that he and this other person then began driving or "just wandering" around when he was arrested.

At the trial defendant attempted to put his sister on the stand to testify to an alibi and was met with the objection that he had not given timely notice of the alibi. The objection was sustained and defendant then rested without taking the stand or offering any evidence. There was no testimony that defendant had taken the car from the parking lot.

The instruction given by the court reads:

"You are further instructed that if you find from the evidence that the defendant intended permanently to deprive the owner of his property then you should return a verdict of guilty against the defendant.

"You are further instructed that in considering the evidence of the defendant's criminal intent the wrongful taking of another's property without his consent and with no apparent purpose of returning it in the absence of explanatory circumstances evidences an intent to deprive the owner permanently of his property."

Defendant contends this instruction is erroneous and prejudicial as constituting a comment upon the evidence in that it assumes as a fact that the defendant took the automobile from the parking lot. We have read all the instructions as a whole, as we must do, and have viewed them in the light of the particular circumstances of this case and agree that the instruction complained of was a comment on the evidence, and in violation of Article 6, Section 27, Arizona Constitution, A.R.S. We also believe it can reasonably be concluded that the giving of the instruction resulted in a verdict different from that which would have been reached had an instruction correctly stating the law been given without comment, and was therefore reversible error.

■ The instruction correctly stated that the intent to permanently deprive the owner of his property was a necessary element of grand theft. State v. Parsons, 70 Ariz. 399, 222 P.2d 637 (1950); Impson v. State of Arizona, 47 Ariz. 573, 58 P.2d 523 (1936); State v. Wood, 7 Ariz.App. 22, 435 P.2d 857 (1967). However, the instruction as given was a comment on the evidence in that it assumed the taking of the car by the defendant and told the jury that if it found the defendant intended permanently to deprive the owner of the car it should return a verdict of guilty. The court also instructed that in considering defendant's intent, the wrongful taking with no apparent purpose of returning the property, in the absence of explanatory circumstances evidences an intent to deprive the owner permanently of his property.

The same question presented here arose early in our State in the case of Lujan v. State, 16 Ariz. 123, 141 P. 706 (1914). We quote a pertinent excerpt from Lujan to show the similarity of the question and our Supreme Court's reasoning:

> "The very first instruction given by the court was that the defendant was charged with 'stealing a cow, the property of one George Graham.' In a later instruction the jury were told the felonious stealing, taking, carrying, leading, or driving away a cow the property of another was grand larceny. 'The act complained of' was the stealing of a cow, and in this quoted instruction the jury were told that:
>
> " 'The intent with which the defendant committed the act complained of must be determined' by them from all the evidence in the case.
>
> "Of course the intent with which an act is done is important in determining whether the act was criminal or not, and in this case, if the defendant had admitted killing the animal and claimed as a defense that it belonged to him, or his codefendants, or that it had been killed by mistake, the instruction given would

have been applicable. But the defendant denied killing the cow, or having anything to do with it. That was the controlling issue. It was a question of fact for the jury. That the defendant's evidence was weak and improbable did not authorize the court to assume and state to the jury in his instruction that the 'defendant committed the act complained of.' In the circumstances of this case, the larcenous intent was conclusively shown. The all-important question was, who killed the cow? for whoever killed it did so with the felonious intent to steal. The court had no right to assume in the instruction given that the 'defendant committed the act complained of,' for in doing that, in effect, the jury was told that the defendant was guilty as charged.

> \*  \*  \*  \*  \*  \*
>
> "If a fact is controverted, and the evidence concerning its existence is in conflict, it is error for the court to assume its existence in the instruction to the jury. (citing cases)
>
> \*  \*  \*  \*  \*  \*
>
> "Section 12, article 6, Arizona Constitution, reads:
>
> " 'Judges shall not charge juries with respect to matters of fact nor comment thereon, but shall declare the law.'
>
> "The instruction we are considering clearly violates both the spirit and language of this provision of our fundamental law. The trial judge is forbidden the right to charge with respect to matters of fact, or to comment on the facts. The facts and what they prove or disprove are for the sole consideration of the jury. \*  \*  \*" 16 Ariz. at 129 and 130, 141 P. at 709.

■ To consider the matter in the light of Lujan, an analysis is necessary. The instant case shows defendant is charged with Grand Theft Auto. The court gave the preliminary stock instructions given in most criminal cases. He then defined theft and grand theft in the language of

the then existing statute.[1] The jury was then told that theft was the felonious stealing, taking, carrying, leading or driving away the personal property of another, and that the theft of a motor vehicle was grand theft.

The similarity to Lujan is readily apparent. Lujan was charged with stealing a cow. In our case the act complained of was the stealing of an automobile. As in Lujan the court defined the crime of theft and grand theft in almost identical language except that in this case an automobile was involved. In both cases the crime (act charged) was denied.

In Lujan the court instructed the jury, "The intent with which the defendant committed the act complained of must be determined" by it from all the evidence in the case. This the Supreme Court held prejudicial error, saying that if a fact is controverted, and the evidence concerning its existence is in conflict, it is error to assume its existence in an instruction to the jury. This the trial court has done in its charge to the jury in both cases. We have read all the instructions carefully, and as in Lujan the instructions as a whole do not cure the error. The effect of the instruction is that the defendant committed the act complained of and that it was up to the jury to determine whether the defendant had the intent to permanently deprive the owner of his property at the time. The jury was told that this determination must come from the evidence, and in considering the evidence on intent it was told that the wrongful taking of another's property without his consent and with no apparent purpose of returning it in the absence of explanatory circumstances evidences an intent to deprive the owner permanently of his property.

Had defendant admitted taking the car we might have a different situation, but having entered a plea of not guilty and not having testified or admitted taking the car from where the owner left it, and there being an explanation of defendant's possession through the testimony of the officer, the fact stood denied.

We believe it unnecessary to discuss the other assignments of error.

Reversed.

CASE, J., concurs.

STEVENS, Presiding Judge (specially concurring).

It is my opinion that this case is an excellent illustration of the reason that the case law rule that joyriding (A.R.S. § 13–672) is not a lesser included offense in grand theft auto should be changed. The case law is clearly contrary to my personal views. State v. Parsons, 70 Ariz. 399, 222 P.2d 637 (1950); State v. Jackson, 101 Ariz. 399, 420 P.2d 270 (1966); and State v. Cobb, 2 Ariz.App. 71, 406 P.2d 421 (1965). Subject to the above views, I concur.

---

1. There was a change in the law in 1968. See Chapter 10, 1968 Session Laws of Arizona, A.R.S. § 13–672.