596 P.2d 716

**STATE of Arizona, Appellee,**

v.

**Linda DAILEY, Appellant.**

**No. 1 CA–CR 3419.**

Court of Appeals of Arizona, Division 1, Department B.

April 24, 1979.

Rehearing Denied June 4, 1979.

Review Denied June 27, 1979.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Georgia B. Ellexson, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

SCHROEDER, Presiding Judge.

On June 6, 1977, the appellant's twenty-two month old son died as a result of brutal beatings inflicted by Anthony Moreno, with whom appellant resided at the time. Moreno was charged with the crime of murder (open) and appellant was charged as an accessory. Her case was submitted to the trial court after waiver of jury trial. She appeals from her conviction and sentence of not less than four nor more than five years in the Arizona State Prison.

The two issues which she raises are the sufficiency of the information and the sufficiency of the evidence at trial to support her conviction.

The charging document was a two count information filed June 21, 1977. Count I charged Moreno with murdering the child, Troy Dixon Dailey, on or about June 6, 1977. Count II charged the appellant, Linda Ann Dailey, as an accessory to a felony in violation of A.R.S. §§ 13–141 and 14–143 of the Criminal Code then in effect.[1]

---

1. The information read as follows:
   INFORMATION FOR COUNT I MURDER (OPEN) MORENO ONLY, COUNT II ACCESSORY (DAILEY ONLY)

THE MARICOPA COUNTY ATTORNEY accuses Joseph Anthony Moreno and Linda Ann Dailey on the 21st day of June, 1977 charging that in Maricopa County, Arizona:

■ Appellant's initial contention on appeal is that the charging document was insufficient as to her, because it charged only that she had been accessory to a felony and that it failed to give notice of the nature of the felony. Appellant is correct insofar as she argues that a charge of being accessory to a felony, in and of itself, would not give sufficient notice of the nature of the criminal activity involved. We cannot accept the State's threshold position that a charge couched in statutory language is always sufficient, even when it consists only of the general crime of being accessory to a felony. Such a charge would not sufficiently advise a defendant of what he must be prepared to meet and would violate an essential due process requirement. *See State v. Van Vliet*, 108 Ariz. 162, 494 P.2d 34 (1972); *State v. Maxwell*, 103 Ariz. 478, 445 P.2d 837 (1968).

■ The charging document must be read as a whole, however, and in this case it is apparent that the felony to which appellant was charged as being accessory is the same crime charged against Moreno, and that is an open charge of murdering the infant Troy Dailey. The information was thus sufficient to apprise the appellant of the nature of the crime to which she was charged as an accessory.

Appellant's next contention is that, even if the information charged her with being accessory to a specific felony, that felony was murder, and the evidence was insufficient to support a conviction of accessory to murder. The evidence showed that the appellant had concealed her unconscious son from investigating authorities in an effort to protect Moreno and had, prior to the child's actual death, presented a false version of the beatings. The trial court specifically noted at the time of sentencing that the court had not found appellant guilty of any criminal conduct after the child's death, but that she was guilty of criminal conduct following the assault and before the death. She argues that she was convicted of a crime different from that charged.

■ The difficulty with appellant's argument is that a defendant may properly be convicted of an offense different from the crime charged if the conviction is on a lesser included offense. *In Re Appeal in Maricopa County Juv. Action No. J–75755*, 111 Ariz. 103, 523 P.2d 1304 (1974); *State v. Parsons*, 70 Ariz. 399, 222 P.2d 637 (1950). Appellant was found to have been an accessory only to the felony of aggravated assault, rather than murder, but aggravated assault is a lesser included offense of murder. *See State v. Toney*, 113 Ariz. 404, 555 P.2d 650 (1976); *State v. Contreras*, 107 Ariz. 68, 481 P.2d 861 (1971); *State v. Myers*, 59 Ariz. 200, 125 P.2d 441 (1942). Appellant points out that these cases hold that the jury need not be instructed on the crime of aggravated assault when the evidence supports a conviction for murder. The questions here, however, are not related to such a situation. Appellant had adequate notice of the nature of the criminal conduct with which she was charged. That conduct encompassed being an accessory to the aggravated assault which resulted in the child's death. Appellant was shown to have been guilty of that conduct.

The conviction and sentence are affirmed.

OGG, C. J., and JACOBSON, J., concur.

Joseph Anthony Moreno on or about the 6th day of June, 1977, murdered Troy Dixon Dailey, all in violation of A.R.S., Sections 13–451, 13–452, as amended, and 13–453, as amended.

For a further and separate cause of action, being a different offense of the same class of crimes and offenses as the charge set forth in Count I hereof, and connected in its commission, the said Linda Ann Dailey is accused by this Information of the crime of Accessory, a felony, committed as follows, to-wit:

Count II

Linda Ann Dailey on or about the 6th day of June, 1977, harbored, concealed or aided a person whom she knew or had reason to believe had committed or had been charged or convicted of a felony, with the intent that such person might avoid or escape arrest, trial conviction, or punishment, all in violation of A.R.S., Sections 13–141 and 13–143.