857 P.2d 384

**STATE of Arizona, Appellee,**

v.

**Gregory Albert SERNA, Appellant.**

**Nos. 1 CA–CR 91–1683, 1 CA–CR 92–0229.**

Court of Appeals of Arizona, Division 1, Department C.

May 6, 1993.

Review Dismissed Sept. 14, 1993.

Grant Woods, Arizona Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Div., Colleen L. French, Asst. Atty. Gen., Phoenix, for appellee.

Law Offices of Wendy F. White by Wendy F. White, Sandra Jenney, Flagstaff, for appellant.

## OPINION

NOYES, Judge.

Appellant molested a fourteen-year-old child in 1989, when the child molestation statute included children under the age of fifteen years. By the time appellant was indicted in 1991, the statute had been amended to include only children under the age of fourteen years. *See* Ariz.Rev.Stat. Ann. (A.R.S.) § 13–1410.[1] Appellant argues on appeal that the court had no jurisdiction to sentence him when the statute no longer included his victim.

Because the amendment changed only the penalty and did not decriminalize the conduct, we affirm.

### I.

The 1991 indictment charged appellant with three counts of molestation of a child in violation of A.R.S. section 13–1410. All molestations allegedly occurred on July 4, 1989 to the same victim, whom the indictment alleged to be a child under the age of fifteen years.

On July 1, 1991 appellant pled guilty to two counts of attempted child molestation in violation of A.R.S. sections 13–1001, –1410, –1401, –601, –604.01, –801, and –812. The plea agreement stipulated that he receive a prison term on count one and a consecutive term of probation on count two. At the change of plea hearing, the factual basis established by the state was that, on July 4, 1989, appellant went to the home where the victim was babysitting; he forced himself on her, fondled her vaginal area and rubbed himself on her vaginal area until he ejaculated. The state advised the court that the victim was fourteen years old at the time, that she had made a full statement about what appellant did to her, and that appellant had made a statement that concurred with the victim's statement.

---

1. In 1989, A.R.S. section 13–1410 provided:
   A person who knowingly molests a child under the age of fifteen years by directly or indirectly touching the private parts of such child or who causes a child under the age of fifteen years to directly or indirectly touch the private parts of such person is guilty of a class 2 felony and is punishable pursuant to § 13–604.01.
   The 1990 amendment to A.R.S. section 13–1410 substituted "fourteen" for "fifteen" throughout.

At the pre-sentence hearing, the victim testified about appellant's conduct, and the victim and her parents testified about the continuing adverse effects caused her by this experience. At sentencing, the trial court considered as a mitigating factor the fact that the child molestation statute had changed between the date of the offense and the date of the indictment. During the course of a thorough discussion of the factors considered in determining the sentences he was about to impose, the court stated:

> The defense has also argued that the fact that the victim was 14 at the time and since then the legislature has changed the victim age to 13 or younger, this would be a mitigating factor. I will give the defendant the benefit of my doubt on that. I'm not sure how that's to be treated, but I think it is a comment by the legislature, so I do find that to be a mitigating circumstance.

Appellant was sentenced to a mitigated term of eight years in prison on count one, followed by probation for life on count two.

The issue now on appeal first appeared in appellant's post-sentence motion to vacate judgment and sentence and/or dismiss the indictment pursuant to Rule 24 of the Arizona Rules of Criminal Procedure (Rule). The motion was denied. Appellant filed one appeal from the judgment and sentence and another from the denial of the Rule 24 motion. The appeals have been consolidated. We have jurisdiction pursuant to A.R.S. sections 12–120.21(A)(1), 13–4031 and –4033.

## II.

## A.

Appellant argues that, because the legislature did not include a savings clause in the amendment to A.R.S. section 13–1410, the common law rule enunciated in *Bell v. Maryland*, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964), applies. The *Bell* rule is that "when the legislature repeals a criminal statute or otherwise removes the State's condemnation from conduct that was formerly deemed criminal, this action

requires the dismissal of a pending criminal proceeding charging such conduct." *Id.* at 230, 84 S.Ct. at 1817.

*Bell* is no help to appellant. The basic facts in *Bell* are that some students participated in a sit-in at a Baltimore restaurant when they were refused service because of their race. *Id.* at 227–28, 84 S.Ct. at 1815–16. The demonstrators were charged with criminal trespass and later found guilty at trial. *Id.* at 228, 84 S.Ct. at 1816. After the convictions had been affirmed on appeal, the Maryland legislature enacted a public accommodations law that made it unlawful to refuse service to persons on account of their race. *Id.* at 229, 84 S.Ct. at 1816. The new law substituted "a right for a crime, and vice versa." *Id.* at 235, 84 S.Ct. at 1819.

The prosecution in *Bell* argued that the Maryland general saving statute allowed continuation of prosecution under the old law. The supreme court, in reversing and remanding so the Maryland courts could decide the applicability of its general saving statute, offered this guidance: "Even if the Maryland saving [statute] were literally applicable, the fact would remain that … the [statute] 'provides a rule of construction which may sometimes aid in determining that intent. But it is an aid merely; not an inexorable command.'" *Id.* at 241, 84 S.Ct. at 1822 (citation omitted).

*Bell* provides that general saving statutes are aids, not commands, in determining legislative intent. This principle would also apply to general repealing statutes. Therefore, the basic question is one of legislative intent.

## B.

■ The 1990 amendment to the child molestation statute seems plainly intended to be what trial court and counsel thought it was: a legislative reduction of penalty, not a legislative pardon for molesters of fourteen-year-old children. Not even appellant argues that the legislature intended to pardon him or to de-criminalize molestation of fourteen-year-old children.

Our finding that the 1990 amendment was intended merely to reduce the penalty for molestation of fourteen-year-old children is also supported by the fact that, at the same time that A.R.S. section 13–1410 was amended to exclude fourteen-year-olds, A.R.S. section 13–1404, the sexual abuse statute, was amended to include fourteen-year-olds. Under the old law, molestation of a fourteen-year-old child was a class two felony with an extremely harsh range of penalties that included a mandatory presumptive prison term of seventeen calendar years, two years more than A.R.S. section 13–710 provides for second-degree murder of an adult. Under the new law, sexual abuse of a fourteen-year-old child is a class five felony, defendant is eligible for probation, and the presumptive prison term is two years. Although the elements of child molestation and sexual abuse differ slightly, appellant's conduct in the present case violated both the 1989 child molestation statute and the 1990 sexual abuse statute.[2]

Although no one disputes that the acts performed by appellant on this child were criminal when they were committed and criminal when he was sentenced, appellant argues that Arizona's general repealing statute, A.R.S. section 1–245, requires dismissal of the charges because the amended child molestation statute contained no saving clause.

## C.

■ The general repealing statute, A.R.S. section 1–245, provides that a subsequent statute is deemed to repeal a former law unless a saving clause applies. Because there is no saving clause in A.R.S. section 13–1410, as amended, the question becomes whether a general saving statute applies.

We do not agree with appellant that the absence of an express saving clause in A.R.S. section 13–1410 mandates application of the general repealing statute in A.R.S. section 1–245. In light of the legislative intention to modify penalty but not to de-criminalize conduct, we conclude that Arizona's general saving statutes apply to the amended child molestation statute.

The Arizona general saving statutes, A.R.S. sections 1–246 and –247, provide:

§ 1–246. **Penalty altered by subsequent law; effect**

When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed.

§ 1–247. **Repeal of law and substitution of penalty; effect**

When by the provisions of a repealing statute a new penalty is substituted for an offense punishable under the law repealed, such repealing statute shall not exempt from punishment a person who has offended against the repealed law while it was in force, but in such case the rule prescribed in § 1–246 shall govern.

These statutes were long ago interpreted by the Arizona Supreme Court as general saving statutes. In *La Porte v. State*, 14 Ariz. 530, 132 P. 563 (1913), the Arizona Supreme Court considered an essentially identical codification of these statutes in the 1901 Penal Code of Arizona and upheld a murder conviction following an intervening change in the sentencing laws:

It seems to us that in these two sections a legislative purpose and intent to avoid and prevent repeals of statutes defining

---

**2.** In 1989, the sexual abuse statute provided: "A person commits sexual abuse by intentionally or knowingly engaging in sexual contact with any person fifteen or more years of age without consent of that person ..." A.R.S. § 13–1404(A).

"Sexual abuse is a class 5 felony unless the victim is under fifteen years of age ..." A.R.S. § 13–1404(B).

" 'Sexual contact' means any direct or indirect fondling or manipulating of any part of the genitals, anus or female breast." A.R.S. § 13–1401(2).

The 1990 amendment to A.R.S. section 13–1404 substituted "fourteen" for "fifteen" throughout.

**336**

crimes and establishing punishments by new legislation is manifest.

The history of legislation, as disclosed by numerous decisions of the courts upon the very question we are considering, shows that through the inattention, carelessness and inadvertence of the lawmaking body crimes and penalties have been abolished, changed, or modified after the commission of the offense and before trial in such material way as to effect many legislative pardons. To prevent such mistakes and miscarriages of justice many of the states have enacted general saving statutes. None of them have statutes more comprehensive or broader than ours.

*Id.* at 533, 132 P. at 564–65. *See also State v. Vineyard,* 96 Ariz. 76, 80, 392 P.2d 30, 33 (1964) (rape); *Midkiff v. State,* 43 Ariz. 323, 326, 30 P.2d 1057, 1058 (1934) (practicing law without a license); *La Porte,* 14 Ariz. at 534, 132 P. at 564 (murder); *State v. Scrivner,* 125 Ariz. 508, 510, 611 P.2d 95, 97 (App.1979) (burglary); *State v. Brown,* 123 Ariz. 406, 407, 599 P.2d 859, 860 (App. 1979) (murder).

#### D.

■ Appellant suggests that he should have been charged with some crime other than child molestation, such as attempted sexual assault in violation of A.R.S. sections 13–1001 and 1406. Although appellant could have been prosecuted for crimes other than child molestation, charging decisions are within the discretion of the prosecutor; this court will not interfere with the exercise of that discretion unless the prosecution acts illegally or in excess of its powers, which did not happen here. *State v. Atwood,* 171 Ariz. 576, 625, 832 P.2d 593, 642 (1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993) (citation omitted).

#### III.

Because the 1990 legislative amendment to A.R.S. section 13–1410 changed only the penalty for molestation of fourteen-year-old children and did not de-criminalize the conduct, appellant was properly convicted and sentenced under the law as it existed at the time of his criminal conduct.

We have searched the record for fundamental error pursuant to A.R.S. section 13–4035 and have found none. The judgments and sentences are affirmed. ˙

GARBARINO, P.J., and McGREGOR, J., concur.